**CAROLINA SCENIC COACH LINES v. UNITED STATES et al.**

Civil Action No. 575.

District court, W. D. North Carolina,
Asheville Division.

March 5, 1945.

Wilmer A. Hill, of Washington, D. C., Monroe M. Redden, of Hendersonville, N. C., and Ames, Hill & Ames, of Washington, D. C., for plaintiff.

Roberts & McInnis, of Washington, D. C., and L. B. Hollowell, of Gastonia, N. C., for Smoky Mountain Stages, intervener.

Edward Dumbauld, Sp. Asst. to Atty. Gen., Wendell Berge, Asst. Atty., Gen., and Theron L. Caudle, U. S. Atty., of Charlotte, N. C., for the United States.

Daniel W. Knowlton, Chief Counsel, Interstate Commerce Commission, and Allen Crenshaw, Atty., Interstate Commerce Commission, both of Washington, D. C., for Interstate Commerce Commission.

Before PARKER, Circuit Judge, and WEBB and HAYES, District Judges.

PARKER, Circuit Judge.

This is a suit under 28 U.S.C.A. §§ 43–48, to set aside orders of the Interstate Commerce Commission refusing to grant a rehearing on the ground of newly discovered evidence in a proceeding in which the Com-

mission had granted a certificate of public convenience and necessity to Smoky Mountain Stages, hereafter called "Stages", extending its authority as a public carrier of passengers by motor bus so as to authorize operation between Clinton, S. C. and Augusta, Ga. Plaintiff is Carolina Scenic Coach Lines, hereafter called "Scenic", which asks, not only that the orders denying rehearing be set aside, but also that the Commission be directed to receive and consider the so-called newly discovered evidence. A special court of three judges has been convened and the cause has been submitted for final decree.

The order of the Commission granting the certificate of convenience and necessity to Stages was entered in March 1944 and shortly thereafter was attacked in this court in a suit filed by Scenic, asking that the order of the Commission be enjoined. On July 21, 1944, we denied the injunction and dismissed the suit in an opinion in which the facts are fully set forth. See Carolina Scenic Coach Lines v. United States, 56 F. Supp. 801. This action was affirmed by the Supreme Court on December 11, 1944. See 65 S.Ct. 277.

The orders of the Commission which Scenic now seeks to attack are orders of September 18, 1944, and October 13, 1944, denying rehearings sought on the ground of newly discovered evidence. The report accompanying the original order of the Commission granting the certificate to Stages showed that the Commission had considered the route from Clinton to Augusta as supplying to the National Trailways system, with which Stages was affiliated, a connecting link for bridge traffic between the northern states and Florida and thus furnishing a competing line to the Greyhound Lines. On August 23, 1944, Scenic filed with the Commission a petition for rehearing on the ground that two days before it had discovered "by accident" that on July 15, 1943 the Queen City Coach Company, also affiliated with Trailways, had been granted by the Commission a certificate authorizing it to extend its service from Orangeburg, S. C., to Augusta, Ga., and that, since companies affiliated with Trailways had operating rights from Orangeburg to Durham, N. C. and northward, this furnished a complete line for Trailways from the North to Florida points. The Commission allowed the petition for rehearing to be filed and a reply to be filed by Stages so that the contentions

of the parties with respect to the availability of the route via Durham and Orangeburg were fully presented. The effective date of the order of October 13, 1943, was extended to October 15, 1944, so that full consideration might be given the matter, but on September 18, 1944, the Commission entered an order denying the petition. Scenic then petitioned for a reconsideration of the order denying the petition for rehearing, and this was denied by the Commission on October 13, 1944.

Assuming that the court has jurisdiction to entertain this suit, which is in effect a petition for mandamus to compel the Commission to grant a rehearing (cf. American Chain & Cable Co. v. Federal Trade Commission, 4 Cir., 142 F.2d 909), it is perfectly clear that no case for the exercise of the jurisdiction is presented. Whether the Commission should grant a rehearing in a case which it has decided is a matter resting in its sound discretion. Interstate Commerce Commission v. Jersey City 322 U.S. 503, 517, 64 S.Ct. 1129, 88 L. Ed. 1420. The discretion here was exercised, and there is nothing to show that it was abused. Whether the route via Orangeburg and Durham was comparable to the route via Clinton and Charlotte for traffic between northern and Florida points, whether that route would furnish adequate competition with the Greyhound Lines, whether intermediate traffic was better served by the Clinton-Augusta route—all of these were mere evidentiary questions for the consideration of the Commission in connection with the ultimate question as to whether public convenience and necessity would be served by granting to Stages the franchise sought by it. There is nothing before us upon which we would be justified in saying that in denying the rehearing the Commission did not give full consideration to all these matters; and, for aught that appears, its denial of the rehearing may well have been based upon the view that, assuming the matters urged in the petition to be true, they could not affect its decision. To one who has denied many petitions for rehearing and seldom given a reason therefor, it comes as a matter of mild surprise that anyone should think it incumbent on a court or commission to give reasons for denying a petition merely because a party urges grounds that he claims to have discovered recently. Orders of the Commission are presumed to be valid. Baltimore & O. R. Co. v. United States 298 U.S. 349,

56 S.Ct. 797, 80 L.Ed. 1209. It was proper for it to deny the petition for rehearing, if of opinion that the fact alleged as ground for rehearing would not, if true, cause a change of decision. We certainly cannot say that the fact relied on by Scenic would require the Commission to change its decision; and, this being true, we cannot say that there was any abuse of discretion in denying the rehearing.

■ An additional reason for holding that no abuse of discretion has been shown is that the petition was not presented until many months after the original order was entered and the reasons advanced for not presenting it earlier may not have appeared sound to the Commission. Delay is hardly excused by mere allegation that a matter was discovered "by accident". The Commission may well have thought that a matter which was one of public record and was carried in the regular publication of routes and schedules should have been discovered earlier and called to its attention if really deemed of importance.

Scenic relies upon the decision of the Supreme Court of Atchison, T. & S. F. Ry. Co. v. United States, 284 U.S. 248, 52 S.Ct. 146, 76 L.Ed. 273, where the Commission was reversed for refusing to grant a rehearing on a record which had become "stale" because of a change in economic conditions following a hearing for determining rates. That case is so far removed from the case at bar, however, that distinguishing it would be a work of supererogation; and it has been restricted by subsequent decisions to its special facts. As said in the Jersey City case, supra that case:

"The Court, however, promptly restricted that decision to its special facts, United States v. Northern Pacific R. Co., 288 U.S. 490, 53 S.Ct. 406, 77 L.Ed. 914, and it stands virtually alone. In Baltimore & Ohio R. Co. v. United States, 298 U.S. 349, 389, 56 S.Ct. 797, 80 L.Ed. 1209, Mr. Justice Brandeis, concurring, said, 'The Atchison case rests upon its exceptional facts. It is apparently the only instance in which this Court has interfered with the exercise of the Commission's discretion in granting, or refusing, to reopen a hearing.' * * *

"The rule that petitions for rehearings before administrative bodies are addressed to their own discretion is uniformly accepted and seems to be almost universally applied in other federal courts. United States ex rel. Maine Potato Growers Ass'n. v. Interstate Commerce Commission, 66 App. D.C. 398, 88 F.2d 780, 784, certiorari denied 300 U.S. 684, 57 S.Ct. 754, 81 L.Ed. 886; Mississippi Valley Barge Line Co. v. United States, D.C., 4 F.Supp. 745, 748; Union Stock Yards Co. v. United States, D.C., 9 F.Supp. 864, 873; American Commission Co. v. United States, D.C., 11 F. Supp. 965, 972; R. C. A. Communications v. United States, D.C., 43 F.Supp. 851, 858."

For the reasons stated the prayer of the complaint will be denied and the suit will be dismissed.

Suit dismissed.