**BROOKS TRANSP. CO., Inc. v. UNITED STATES.**

Civ. No. 1419.

United States District Court
E. D. Virginia, Richmond Division.

May 23, 1952.

J. Ninian Beall, Washington, D. C., and William M. Blackwell, Richmond, Va., for plaintiff.

Daniel W. Knowlton, Chief Counsel, and C. H. Johns, Atty., Washington, D. C., for Interstate Commerce Commission.

H. G. Morison, William J. Hickey, Asst. Atty. Gen., James E. Kilday, Sp. Asst. to Atty. Gen., A. Carter Whitehead, U. S. Atty., Richmond, Va., and William P. Woolls, Jr., Sp. Asst. to U. S. Atty., Alexandria, Va., for United States.

Wilmer A. Hill, Washington, D. C., and Henry E. Ketner, Richmond, Va., for Falwell Fast Freight, Inc., and Red Line, Inc.

Before DOBIE, Circuit Judge, and HUTCHESON, Chief Judge, and BRYAN, District Judge.

STERLING HUTCHESON, Chief Judge.

In this action the plaintiff, Brooks Transportation Company, Incorporated, (hereinafter referred to as Brooks or plaintiff), seeks to have set aside certain orders of the Interstate Commerce Commission (hereinafter referred to as the Commission), which deny the plaintiff authority to render transportation services as a common carrier to and from Piney River, Virginia.

The plaintiff is a Class I motor carrier, conducting general freight operations over regular routes extending between points in North Carolina northward through Virginia. A portion of its operating rights are held under what is known as the "grandfather" clause of Sections 206(a) and 209(a) of the Interstate Commerce Act, 49 U.S. C.A. §§ 306, 309.

On February 12, 1936, the plaintiff in accordance with provisions of the Act filed with the Commission application for authority to continue its motor carrier operations in interstate or foreign commerce over certain designated routes between points in Virginia and states to the north. The routes claimed by it in Virginia extended northward from Richmond over U. S. Highway No. 1 to Alexandria, and west over U. S. Highway No. 60, Virginia Highway No. 45, and U. S. Highway No. 406, by way of Farmville and Lynchburg to Roanoke. In the westward operation it claimed all intermediate points and twelve off-point routes. Among others it claimed a route over U. S. Highway No. 60 by Buckingham to Amherst and thence over U. S. Highway No. 29 to Lynchburg.

Effective June 1, 1937, with the approval of the Commission, Brooks purchased the operations of Jacobs Transfer Company, including its "grandfather" application covering rights between Washington, D. C. and Roanoke and Danville, via Winchester, Warrenton, Staunton, Charlottesville, Lexington and Lynchburg, including all intermediate points. This included a route between Charlottesville and Lynchburg over U. S. Highway No. 29, on which Piney River was located.

Under the usual informal procedure set forth in Crescent Express Lines v. United States, 320 U.S. 401, 64 S.Ct. 167, 88 L.Ed. 127, and Evans v. United States, D.C., 65 Fed.Supp. 183, Division 5 issued its first compliance order on June 30, 1938, setting forth specifically the authority to which Brooks appeared entitled under its own application as well as the application of Jacobs Transfer Company. Due to a clerical error, on July 12, 1938, that order was vacated and a second compliance order issued. Red Line, Incorporated, a competing carrier, filed a protest to the second compliance order, objecting to the grant of any authority to the plaintiff to serve points south of Staunton and Charlottesville, to which protest Brooks filed an answer. U. S. Highway No. 29 extends from Charlottesville to Lynchburg and as stated is a route claimed by Jacobs under its "grandfather" application acquired by Brooks as previously mentioned. Piney River was located on U. S. Highway No. 29 between Charlottesville and Lynchburg until 1947, when the highway was changed; and Piney River is now by-passed by a distance of about five miles. Thus it will be seen that in 1938 Brooks' right to serve Piney River was placed in issue.

On February 13, 1939, the Commission vacated its order of July 12, 1938, and issued a new one containing certain changes in the authority of Brooks to serve northern points but leaving substantially unchanged the service authorized in Virginia. Mundy Motor Lines filed a protest against the last order, to which Brooks replied. Among other things, Mundy objected to the authority proposed to be granted to serve the intermediate points on U. S. Highway No. 29 between Lynchburg and Charlottesville, as well as four off-route points. In its answer Brooks contended it had served the four off-route points in its own operation and that the routes over U. S. Highway No. 29 between Lynchburg and Charlottesville had been obtained from Jacobs. The Commission, after further consideration, on March 11, 1939, vacated the outstanding compliance order and issued a new one containing certain changes not pertinent here. Certain protests were again filed and on August 25, 1939, the Commission vacated the outstanding compliance order and issued a new one, which eliminated the four off-route points, as well as the route between Charlottesville and Lynchburg; and set for formal hearing the matter of the off-route points and the Charlottesville to Lynchburg route. The first formal hearing on the issues was held on January 22, 1942, before a joint board, which, on May 9, 1942, served its recommended report and order, finding that Brooks had failed to establish any right to serve the four off-route points or to operate over U. S. Highway No. 29 between Charlottesville and Lynchburg. It also found that Brooks had failed to establish any right to serve the intermediate points on said Highway 29. The Commission issued a certificate on May 25, 1942, confirming only those rights set forth in the compliance order of August 25, 1939, which, it is to be recalled, eliminated the route be-

246

tween Charlottesville and Lynchburg. Exceptions were filed by Brooks to the recommended report and order of the joint board and on May 22, 1943, Division 5 issued its report and order, which, in substance, adopted the recommended report and order of the joint board. In that report and order it was specifically held that Brooks had failed to show that it and its predecessor were entitled under the "grandfather" provisions of the Act to operate as a common or contract carrier by motor vehicle in interstate or foreign commerce, of general commodities, with exceptions, between Charlottesville and Lynchburg, and that the application seeking to continue operations should be denied. (No. M.C.–59911)

On July 3, 1943, Brooks filed a petition for a further hearing, which petition stated, in part, that with respect to the Charlottesville-Lynchburg route (U. S. Highway 29), Brooks claimed the right to operate by reason of its purchase of the Jacobs rights and with respect to the operation over U. S. Highway 29 between Amherst and Lynchburg, petitioner claimed the right by virtue of its own "grandfather" application in Docket M.C.–80382. Brooks further alleged that it never understood that its claims to U. S. Highway 29 from Amherst to Lynchburg were ever in issue and for that reason offered no evidence as to its operations on the "grandfather" date, alleging that it was taken by surprise concerning the subject of the hearing and that the Commission misconceived the issues. Brooks filed a supplement to its petition on July 9, 1943, in which it asserted that it had found certain original records of Jacobs and was in a position to furnish documentary proof of movements over the routes and to the points involved both prior and subsequent to the "grandfather" date. Protests were filed to this petition and the Commission, Division 5, by order of August 27, 1943, reopened the proceedings to determine the rights of Brooks to continue operations over certain regular routes, including that between Charlottesville and Lynchburg over U. S. Highway 29 serving all intermediate points and certain off-route points.

In the meantime, Brooks, on July 12, 1943, had filed an extension application un-

der Section 207, docketed as No. M.C.–80382 (Sub. No. 11), seeking substantially the same authority which it was claiming under the "grandfather" applications. At the opening of the formal hearing before a joint board on November 12, 1943, Brooks amended its applications so far as is pertinent here by deleting therefrom all claim, among others, to the right to serve any point on U. S. Highway 29 between Charlottesville and Lynchburg. (Tr. 78–82). Thereafter, on June 7, 1944, Division 5 issued its report and recommended order, in which it found that Brooks had failed to establish that it or its predecessor, Jacobs, was entitled under the "grandfather" provision of the Act to operate between Charlottesville and Lynchburg over U. S. Highway 29 and in that respect the application was denied; but the Commission found that present and future public convenience and necessity required operation by Brooks as a common carrier by motor vehicle between Charlottesville and Lynchburg over U. S. Highway 29, serving no intermediate points but conducting what is known as a *closed-door* operation over said highway. No. M. C.–80382 (Sub. No. 11). A petition for reconsideration was filed by certain railroads and answered by Brooks, which petition was denied by the Commission on November 7, 1944.

It is to be noted that up to this point no reference to Piney River had been made, although it would fall into the category of intermediate points on Highway 29 between Lynchburg and Charlottesville until October 1947, and as such would be directly involved in the supplement filed by Brooks on July 9, 1943, and the report and recommended order of June 7, 1944, during which time it was an intermediate point between Lynchburg and Charlottesville.

It appears clearly that at this time the administrative process concerning the "grandfather" rights of Brooks including any rights it acquired from Jacobs was finally ended.

On January 24, 1951, plaintiff filed an application for a certificate authorizing it to continue a "grandfather" operation in the transportation of general commodities to

and from all points within a radius of thirty-five miles of Lynchburg, which would include Piney River, stating that it had been serving this territory for twenty years and through inadvertence had omitted these points from its "grandfather" application.

After plaintiff presented certain evidence of its alleged "grandfather" operations to the field staff of the Commission, Director Blanning on February 21 wrote a letter in which he stated that the investigation failed to disclose a valid claim to the "grandfather" operation but that the application had been accepted as one for authority to extend an operation. The application was assigned Docket No. 80382, Sub. 17. On February 26, 1951, plaintiff filed a pleading entitled "Petition for correction of certificate to specifically include Piney River, Va." In March another opportunity was afforded the plaintiff to submit evidence to the field staff, at which time an additional affidavit was submitted to the general effect that the plaintiff had rendered service to Piney River since 1931. On October 16, 1951, the Commission denied the petition and entered an order containing a "cease and desist" clause.[*] On October 22, 1951, plaintiff filed a petition for reconsideration of the order, which petition was denied on February 4, 1952.

In the meantime, on May 18, 1951, plaintiff amended its application which had been filed on January 24, 1951, by deleting its claim to all points except Piney River and was allowed to introduce evidence of past operations at that point, which application was denied by order of November 19, 1951. A petition for reconsideration was denied on February 4, 1952.

From the foregoing statement it will be seen that after numerous hearings, plaintiff's right under the "grandfather" clause to serve Piney River has been given full consideration and denied. It is to be noted that in its application of February 12, 1936, plaintiff claimed, among other routes, Amherst to Lynchburg over U. S. Highway 29. Piney River was north of Amherst on U. S. 29, but effective June 1, 1937, the plaintiff became the owner of the Jacobs "grandfather" application, which claimed operation between Charlottesville and Lynchburg over U. S. Highway 29, and after numerous hearings the Commission found that neither the plaintiff, nor its predecessor Jacobs, was entitled to serve the route including Piney River. Subsequently, in 1944, when plaintiff was granted the right to operate over U. S. Highway 29 between Charlottesville and Lynchburg, it was granted a *closed-door* operation and the administrative process was ended on November 7, 1944.

This action disposed of the entire proceedings whether considered as application for extension of service under Section 207 or as an application to correct the "grandfather" certificate under Sections 206–209.

Brooks seeks to have the orders complained of set aside and enjoined on the following grounds:

1. The orders of the Commission are arbitrary, capricious, illegal, null and void in that plaintiff was denied a fair and reasonable hearing.

2. The orders of the Commission are arbitrary, capricious, illegal, null and void in that, through failure to conduct a fair and reasonable hearing, they divest Brooks of vested statutory property rights under the "grandfather" clause of Section 206(a) of Part II of the Interstate Commerce Act.

3. The orders of the Commission are arbitrary, capricious, illegal, null and void in that the Commission exceeded its statutory powers, misconceived its functions in failing and refusing to conduct hearings, and thereby deprived plaintiff of its vested property rights.

4. The orders of the Commission are arbitrary, capricious, illegal, null and void in that they are not supported by any evidence and are contrary to substantial evidence which stands undisputed.

5. The orders of the Commission are illegal, null and void in that they fail to decide the issues presented, fail to state reasons for the action taken and, therefore, fail to conform to the requirements of the

---

1. The "cease and desist" clause has been extended at the request of the Court until May 19, 1952.

Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq.

From the foregoing statement of facts it clearly appears that the plaintiff having had its claim to rights under the "grandfather" clause finally determined on November 7, 1944, by its application of January 24, 1951, undertook to reopen the matter with the object of obtaining the right to serve Piney River. During the period following the final determination in 1944 the development of a considerable industry at Piney River by the American Cyanamid Company caused a large increase in the volume of business originating at that point. This has been handled by Brooks without holding a certificate authorizing it to do so. While the record shows that there are some half dozen or more carriers authorized, willing and able to serve Piney River, Brooks has been rendering service satisfactory to the shipper there and in some manner the limitation upon the certificate held by Brooks was overlooked. In that situation Brooks undertook to again invoke its claim under the "grandfather" clause which had long since been determined adversely by the Commission and long since the expiration of the sixty-day period provided for in Rule 101 of the Commission's General Rules of Practice.

Notwithstanding the numerous hearings dealing with Brooks' purported "grandfather" claims, including those acquired by it from Jacobs, and the clear waiver of Brooks on November 12, 1943, to intermediate points on Highway 29 (Tr. 80–82) when Brooks was seeking to obtain a closed-door operation over the same route, the Commission proceeded to hear additional evidence concerning Brooks' "grandfather" rights in 1951, under application heard by a joint board on May 18, 1951. During the course of the present proceedings the Commission also considered the application as a petition for a certificate showing public convenience and necessity in extension proceedings.

■ That a petition for rehearing of a proceeding before the Commission is a question addressed to the sound discretion of the Commission is too well settled to need

further discussion. Carolina Scenic Coach Lines v. United States, D.C., 59 F.Supp. 336, affirmed 326 U.S. 680, 66 S.Ct. 37, 90 L.Ed. 398, Interstate Commerce Commission v. Jersey City, 322 U.S. 503, 64 S.Ct. 1129, 88 L.Ed. 1420. Only a showing of abuse of discretion may sustain an exception to that rule. United States v. Pierce Auto Lines, 327 U.S. 515, 66 S.Ct. 687, 90 L.Ed. 821. The recital of the facts in connection with the various hearings reveals conclusively that Brooks has been afforded full opportunity to show any right it had to serve intermediate points on U. S. Highway 29 between Charlottesville and Lynchburg (which included Piney River) in the "grandfather" proceeding. That right was finally waived at the Commission's hearing on November 12, 1943 (Tr. 80), when Brooks was seeking and obtained permission for a certificate covering a closed-door operation over Highway 29.

■ It is equally clear from a bare recital of the facts that Brooks has been afforded a full hearing concerning its rights under the "grandfather" clause. In this connection reference is again made to the fact that under the Commission's Rule 101 the last series of hearings could have been summarily dismissed. This was not done but upon the contrary the Commission afforded Brooks further opportunity to present such evidence in the latest series of hearings and made its finding that Brooks has failed to furnish sufficient proof of service to Piney River prior to and continuously since June 1, 1935. At most, the application if considered as being based upon the "grandfather" clause, was a petition for reconsideration or a further hearing and Brooks could not complain if no reason had been assigned for his denial. Carolina Scenic Coach Lines v. United States, supra.

■ Turning to a consideration of the application as one for an extension of service, it is well settled that the question on review is not whether the Court would have made the same findings as the Commission on the record before it, but is: Was there a rational basis for the finding made by the Commission? Norfolk Southern Bus Company v. United States, D.C., 96 F.Supp. 756, affirmed 340 U.S. 802, 71 S.Ct. 68, 95

L.Ed. 590; Brooks Transportation Company v. United States, D.C., 93 F.Supp. 517, affirmed 340 U.S. 925, 71 S.Ct. 501, 95 L.Ed. 668; County Board of Arlington County v. United States, D.C., 101 F.Supp. 328. See also Interstate Commerce Commission v. Parker, 326 U.S. 60, 65 S.Ct. 1490, 89 L.Ed. 2051.

However, the record contains adequate evidence to support a finding that public convenience and necessity does not require service at Piney River by Brooks.

Eight motor vehicle carriers appeared in opposition to the application at the hearing and proved to the satisfaction of the Commission that they were able and anxious to supply the service.

From the foregoing it is obvious that the plaintiff has been afforded a fair and reasonable hearing by the Commission; that the Commission has not exceeded its statutory powers nor misconceived its functions; nor has it deprived plaintiff of any vested property rights; the orders of the Commission are supported by the evidence and the Commission has fully complied with the requirements of the Act. In fact, upon consideration of the entire record it is obvious that the conclusion of the Commission not only has a rational basis but it is the proper conclusion in view of the facts disclosed by the record.

The injunction is denied and the suit dismissed.