**LAND–AIR DELIVERY, INC., Plaintiff,**

v.

**UNITED STATES of America and Interstate Commerce Commission, Defendants, and Springfield Airport Limousine, Inc., Intervening Defendant.**

**No. KC–3167.**

United States District Court, D. Kansas.

June 16, 1971.

Blake A. Williamson (of Williamson, Cubbison & Hardy), Kansas City, Kan., Tom B. Kretsinger and Warren H. Sapp (of Kretsinger & Kretsinger), Kansas City, Mo., for plaintiff.

John H. D. Wigger, Atty., Dept. of Justice, Washington, D. C. (Richard W. McClaren, Asst. Atty. Gen., Washington, D. C., and Robert J. Roth, U. S. Atty., Wichita, Kan., with him on brief), for defendant United States.

Hanford O'Hara, Atty., Interstate Commerce Commission, Washington, D. C. (Fritz R. Kahn, Gen. Counsel, Interstate Commerce Commission, Washington, D. C., with him on brief), for defendant Interstate Commerce Commission.

J. Mitchell Dickerson (of Dickerson & Rock), Overland Park, Kan., and Louis W. Cowan (of Lilley & Cowan), Springfield, Mo., for intervening defendant.

Before HILL, Circuit Judge, and STANLEY and BROWN, District Judges.

## OPINION

ARTHUR J. STANLEY, Jr., District Judge:

In this action, brought pursuant to Chapter 157, U.S.C.A., the plaintiff seeks vacation of an order of the Interstate Commerce Commission granting a certificate of public convenience and necessity to Springfield Airport Limousine, Inc. (hereinafter Springfield). Jurisdiction is premised upon 28 U.S.C.A. § 1336. Springfield has intervened and, with the Commission, has filed a joint brief.

On November 20, 1968, Springfield filed an application with the ICC for a certificate of public convenience and necessity authorizing it to operate as a common carrier. The applicant specified certain counties in Missouri and Fairfax Airport in Kansas City, Kansas as the territory in which it desired authority to operate. This application was assigned an ICC docket number and was published in the Federal Register on January 2, 1969. On February 1, 1969 plaintiff filed its protest to Springfield's application. Thereafter proceedings were conducted before a Review Board of the Commission upon the basis of affidavits filed by each of the parties in accordance with the Commission's rules of "Modified Procedure." Included within the rules is a plan for considering and disposing of applications for motor carrier authority without oral hearing, using affidavits, depositions, etc., in lieu of oral testimony. It is understood that this procedure was adopted in an effort to reduce costs and to dispose more expeditiously of ever increasing applications. The Review Board granted the application in part and, after reconsideration was denied, the Commission upheld the decision of the Review Board and the certificate was issued. While the territory sought to be served was reduced from 22 counties to 5 counties, the operation authorized "involves" only 2 states, Missouri and Kansas.

Before the application had been acted upon by the ICC, plaintiff filed a petition for a subpoena duces tecum requesting access, for purposes of inspection and copying, to certain designated records of the applicant. In accordance with 49 C.F.R. § 1100.56, plaintiff alleges that it set forth in detail what it expected to prove from the requested records. In essence, the matters it sought to uncover involved past violations of law and of the regulations of the Commission by Springfield. Specifically, plaintiff charged that the applicant was giving extensive preferential treatment to shippers and was violating the provisions of its tariffs filed pursuant to temporary authority granted by the Commission. Springfield also contends that the applicant had unlawfully consolidated shipments.

From examination of the written opinion of the three-member Review Board, it clearly appears that the board discussed most of plaintiff's charges seriatim, and because Springfield did not deny them, accepted them as true. However, the board held that a negative determination on the issue of applicant's fitness was not required by the evidence of applicant's improper rate practices or by evidence of its unauthorized operations. Springfield was admonished by the board that its operations must comply with the provisions of the Interstate Commerce Act and the Commission's rules and regulations, and it was advised that its inability or unwillingness to do so could result in revocation of its license. The board also found a need for the type of service to be rendered by the applicant in the area covered by the certificate granted.

We must, of course, approach the issues presented in this case with deference to the findings of the administrative agency. If its decision shows a reasonable relation to statutory provi-

sions within its administrative responsibility and is based upon substantial evidence, we must affirm. Consolo v. Federal Maritime Comm'n., 383 U.S. 607, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966); Law Motor Freight, Inc. v. C. A. B., 364 F.2d 139 (1st Cir. 1966). There is no issue in this case of the validity of the Commission's use of modified procedure. The propriety of utilizing modified procedure rules in appropriate cases has been judicially established in many instances. See, *e. g.*, Allied Van Lines Co. v. United States, 303 F.Supp. 742 (C.D. Cal.1969); National Trailer Convoy, Inc. v. United States, 293 F.Supp. 634 (N.D.Okl.1968). Nor do we quarrel with the findings that were actually made. If the sole issue in this case was whether there is substantial evidence in the record to support the factual findings of the Commission, we would affirm. However, a more difficult question is presented by plaintiff's contention that the case should have been referred to a joint board pursuant to the provisions of 49 U.S.C.A. § 305(a).

It is the plaintiff's contention that referral to a joint board is mandatory where the proposed operations of the carrier involve less than three states. Springfield and the Commission deny that a referral is required by that subsection. Section 305(a) reads in pertinent part as follows:

> "The Commission *shall*, when operations of motor carriers or brokers conducted or proposed to be conducted involve not more than three States, and the Commission *may*, in its discretion, when operations of motor carriers or brokers conducted or proposed to be conducted involve more than three States, refer to a joint board for appropriate proceedings thereon, any of the following matters arising in the administration of this chapter with respect to such operations as to which a hearing is required or in the judgment of the Commission is desirable: Applications for certificates, permits, or licenses   *   *   *." (Emphasis supplied)

Only one case has come to our attention in which the issue *sub judice* was presented and determined. In Jones Truck Lines, Inc. v. United States, 321 F.Supp. 821 (W.D.Ark.1971), a three-judge court held that referral to a joint board is mandatory where three or fewer states are involved in the application. However, in a subsequent order the court indicated that referral is not required when no material facts are in dispute.

Springfield and the Commission have indicated their disagreement with the *Jones* decision but also seek to distinguish our case upon the facts. They urge that there are no material facts in dispute in our case and consequently that referral was not required. It is their contention that the mandatory word "shall" as used in the first sentence in § 305(a) is qualified by later language in the subsection, the effect of which is to give the ICC discretion to grant or deny referral to a joint board. Although the statute may not be entirely clear as to what was intended by Congress, the court in *Jones* quoted extensively from reports of the legislative history of the Act. The quoted material reveals in essence that when what is now § 305(a) was amended to give the Commission discretion in referral to a joint board in some cases, it was not intended to apply to cases where protests were filed. It is apparent that before the amendment to § 305(a) was enacted, many undisputed and non-protested applications were referred to joint boards and because of the ensuing backlog there were many instances of unnecessary delay in the face of a dire need for service. There is strong indication in the legislative history that the statute was amended to correct this situation. The *Jones* court concluded that the legislative history of the Act as amended was consistent with the proposition that mandatory referral to joint boards would be maintained whenever an application, as here, was protested, and a material factual issue presented. We agree with the well-

reasoned analysis of the court in *Jones* and find it persuasive in our case.

■■ We do not agree that this case is distinguishable from *Jones*. The applicant bears the burden of establishing that public convenience and necessity requires the issuance of a certificate and must also establish its own fitness. Zuzich Truck Lines, Inc. v. United States, 224 F.Supp. 457 (D.Kan.1963). A finding of the applicant's fitness is required by 49 U.S.C.A. § 307(a). Although the Review Board did accept as true many of the charges leveled against the applicant by the protestant, the applicant's fitness was placed in issue by the protestant's allegations. Counter affidavits were filed on behalf of both parties and there was a bona fide factual issue of fitness in this case. The plaintiff also contested the need for the service covered by the application, another factual issue involved in the proceedings. The question, we reiterate, is not whether the factual findings and conclusions of the Review Board are supported on the record. Rather, our concern is with the statutory designation of the tribunal authorized to make these findings. After examining the applicable statutory provision and the legislative history thereof, we are convinced that it was the statutory duty of the Commission to refer the application here involved to a joint board for determination.

We hold that the Commission had a statutory duty to refer Springfield's application to a joint board pursuant to 49 U.S.C.A. § 305(a); and that all orders of the Commission entered in Docket No. 133184 Sub-No. 1 in contravention of § 305(a), including the order granting a Certificate of Public Convenience and Necessity to Springfield Airport Limousine, Inc. should be suspended, set aside and annulled.

Counsel for the plaintiff will prepare and submit an appropriate judgment. The judgment shall not become effective until a formal decree has been submitted, signed and filed with the Clerk.