**GARRETT FREIGHTLINES, INC.,**
Plaintiff,

v.

**UNITED STATES of America and Interstate Commerce Commission,**
Defendants,

and

Midwest Motor Express, Inc., Intervening Defendant.

Civ. No. 1–71–29.

United States District Court,
D. Idaho.

Nov. 9, 1971.

Maurice Greene, Boise, Idaho, for plaintiff.

Hanford O'Hara, Washington, D. C., for defendant Interstate Commerce Comm.

## DECISION

Before KOELSCH, Circuit Judge, and TAYLOR and EAST, District Judges.*

EAST, District Judge.

## THE PARTIES AND PROCEEDINGS BEFORE THE INTERSTATE COMMERCE COMMISSION

On February 28, 1969, Midwest Motor Express, Inc. of Bismark, North Dakota (applicant and intervening defendant herein) filed its application with the defendant Interstate Commerce Commission (Commission) for authority to transport general commodities between certain named North Dakota points and between Beach, North Dakota and Glendive, Montana, serving the intermediate point of Wibaux, Montana. At that time, applicant held existing authority to operate between Minneapolis-St. Paul, Minnesota and Beach, North Dakota. The application proceeding was assigned Docket No. MC–2153 (Sub No. 41) Midwest Motor Express, Inc., Extension-Glendive, Montana.

Garrett Freightlines, Inc. (plaintiff), an Idaho corporation with its principal

---

* Honorable M. Oliver Koelsch, U. S. Circuit Judge for the Ninth Circuit, Fred M. Taylor, U. S. District Judge for the District of Idaho, and William G. East, Senior U. S. District Judge for the District of Oregon, constituting a statutory three-Judge district court by designation dated April 2, 1971.

place of business at Pocatello, Idaho, held existing authority to serve as a motor carrier along the route sought by applicant. Plaintiff, together with two other competing motor carriers, timely filed separate protests to the application. The allegations of plaintiff's protest placed at issue and in dispute the material facts of:

1) Plaintiff's ability and fitness to transport traffic, and

2) The public necessity or need for the service proposed by the applicant.

Plaintiff's protest requested a formal hearing for cross-examination of supporting shippers' witnesses and " * * * to present evidence of its own operations".

### · ORDERS OF COMMISSION

On May 27, 1969 (service date June 4, 1969), the Commission ordered:

" * * * That this proceeding be handled under modified procedure; and that the parties hereto or their representatives comply with the provisions of Rule 247(e) (3) of the Commission's Rules of Practice." [1]

The order further provided for a time schedule for the submission of the parties' verified statements in support of and in opposition to the application, respectively, and further provided:

" * * * That, except for good cause shown, preliminary motions and requests for cross-examination of witnesses or for other relief will not be acted upon prior to the date on or before which all verified statements are required to be filed."

Plaintiff timely filed its verified statements and again requested oral hearing. On March 16, 1970 (service date March 23, 1970), Review Board No.

3 of the Commission issued its Report of the Commission denying plaintiff's request for formal hearing, granting the application as applied for and directing the issuance of a Certificate of Convenience and Necessity to the applicant.

Plaintiff timely filed its petition for reconsideration urging that the Commission erred in failing to refer the application proceeding in the first instance (Order of May 27, 1969) to a Joint Board for the purpose of a recommended report and order under §§· 205(a) and (b) and 17(5) of the Interstate Commerce Act. Title 49 U.S.C.A. § 305 et seq.

On August 14, 1970 (service date August 25, 1970), Division 1, acting as Appellate Division, ordered:

* * * "(3) Petition of Garrett Freightlines, Inc., protestant, filed May 6, 1970, for reconsideration, or for referral of the proceedings to an appropriate joint board and further hearing;" * * *

* * * "That the petitions [of Hart Motor Express, Inc., United-Buckingham Freight Lines, Inc. and Garrett Freightlines, Inc.] be, and they are hereby, denied for the reasons (1) that the proceeding (which concerns an application for common carrier authority by motor vehicle over specified regular routes in Montana and North Dakota, and which is opposed by petitioners), was designated for handling under the modified procedure after it was deemed, by the Commission, that oral hearing was not necessary for a proper disposition of the proceedings;[2] (2) that following such designation and after the submission of verified statements by the parties to the proceeding, the case, in accordance with the applicable provisions of the General Policy Statement

---

1. It is manifest that through this order the Commission intended to utilize the Review Board procedure rather than Joint Board. See Rule 247(e) (3), supra, Rule 49 C.F.R. 1100.247 and Brief of Government and Commission, pp. 3 and 6, respectively.

2. The "modified procedure" adopted by the Commission for referrals to Review Boards has judicial approval. Allied Van Lines Co. et al v. United States et al, 303 F.Supp. 742 (C.D.Cal.1969). We express no opinion on the propriety of such procedure on a reference to a Joint Board.

Concerning Motor Carrier Licensing Procedures (Ex Parte No. 55), published May 3, 1966 at 31 F.R. 6600, was submitted to Review Board Number 3 for consideration and disposition in a final report; (3) that the findings of Review Board Number 3 in its report and order of March 16, 1970, are in accordance with the evidence and the applicable law; and (4) that no sufficient or proper cause appears for disturbing the said Review Board's findings or for granting any of the relief sought."

On October 8, 1970, the Commission issued to applicant its Certificate of Convenience and Necessity authorizing the authority sought.

## STATEMENT OF CASE AND JURISDICTION

Plaintiff instituted this direct action on March 26, 1971 pursuant to Title 49 U.S.C.A. § 17(9) to set aside and annul the aforesaid orders and Certificate of Necessity of the Commission. Jurisdiction and venue in this Court is noted under Title 28 U.S.C.A. § 1398(a) and § 2284.

Applicant was, by order herein dated May 7, 1971, permitted to intervene as a party defendant.

## ISSUES

The defendants United States of America (Government) and Commission answered jointly, placing at issue, through general denial, the plaintiff's allegations and contentions, viz:

"XIII. That the Interstate Commerce Commission was without jurisdiction to bypass [Title 49, U.S.C.A. § 305(a) and (b) requiring] * * * joint board procedures, and that its orders of March 23, 1970 [decided March 16, 1970] and August 25, 1970 [decided August 14, 1970] were made and entered and the Certificate of Public Convenience and Necessity of October 8, 1970 was issued in excess of its statutory jurisdiction and authority."

"XIV. That in referring said application of Midwest Motor Express, Inc. to Review Board No. 3 [order of May 27, 1969] and bypassing the joint board and in making, entering and serving the orders and certificate referred to in paragraph XIII hereof, the Interstate Commerce Commission acted arbitrarily and capriciously and not in accordance with law, in excess of its statutory jurisdiction and without observance of procedure required by law, all within the meaning of 5 U.S.C.A. Section 706(2) (A), (C) and (D)."

The Commission also tendered the affirmative issue of plaintiff's waiver of its contentions by its acquiescence in the Commission's referral of the applicant to a Review Board.

Applicant intervenor contends that its proposed operation under the application involved more than three states and hence was properly referred to a Review Board in the discretion of the Commission; and that plaintiff was guilty of laches and thereby estopped from instituting this action.

For the reasons later developed, we do not reach the Commission's contention of waiver nor the applicant's contentions of estoppel and express no opinion thereon.

## CONTROLLING STATUTE ON REFERRALS

Section 205(a) of the Interstate Commerce Act (49 U.S.C.A. § 305(a)) provides, inter alia:

"The Commission *shall*, when operations of motor carriers * * * proposed to be conducted involve not more than three States, and * * * *may*, in its discretion, when operations of motor carriers * * * proposed to be conducted involve more than three States, refer to a joint board for appropriate proceedings thereon, any of the following matters arising in the administration of this part with respect to such operations as to which a hearing is required or in the judg-

ment of the Commission is desirable:
\* \* \* " [Emphasis added]

## DISCUSSION OF CONTENTIONS

The Commission's order of May 27, 1969, under its "modified procedure" was a referral to a Review Board, notwithstanding applicant's application, on its face, sought authority for a proposed operation to be conducted in *not more* than three states, namely North Dakota and Montana.

■ Commission contends that § 205(a) of the Interstate Commerce Act (49 U.S.C.A. § 305(a) ) requires a referral to a Joint Board only where an oral hearing is required to resolve a dispute as to material facts. Support for this contention may be found in Jones Truck Lines, Inc. v. United States, 321 F.Supp. 821 (W.D.Ark.1971) and Land-Air Delivery, Inc. v. United States, 327 F.Supp. 808 (Kan.1971). However, since there were material issues of fact to be resolved in this matter, it was the Commission's statutory duty to refer it to a joint board. Concededly, it is the duty of the Commission to ultimately make factual determination of:

> \* \* \* "1) whether a new operation will serve a useful public purpose, responsive to a public demand or need; 2) whether this purpose can and will be served as well by existing carriers; and 3) whether authorization of the proposed service will endanger or impair the operations of the existing carriers contrary to the public interest." *Allied Van Lines,* supra, p. 747 of 303 F.Supp.

■■ These material issues of fact were in dispute for resolution through appropriate fact finding procedures at the time of the entry of the order of referral to a Review Board and these findings were appropriate for a Joint Board

to make.[3] Because the application involved less than three states and there were material issues of fact to be determined, the Commission lacked delegated legislative authority and hence the referral to a Review Board was jurisdictionally defective. Neither the Commission nor the parties before it could cure that defect by direct or implied consent.

We subscribe to the teachings of *Land-Air Delivery,* supra, 327 F.Supp. p. 811, in that:

> "The question, we reiterate, is not whether the factual findings and conclusions of the Review Board are supported on the record. Rather, our concern is with the statutory designation of the tribunal authorized to make these findings. After examining the applicable statutory provision and the legislative history thereof, we are convinced that it was the statutory duty of the Commission to refer the application here involved to a joint board for determination."

## CONCLUSION

We conclude that the Commission's bypass of the joint board procedure, in utilizing the modified procedure referral to a Review Board, was in this instance arbitrary and unlawful. Accordingly, all orders of the Commission and Review Board No. 3, entered in Docket No. MC–2153 (Sub No. 41) in contravention of § 205(a) of the Interstate Commerce Act (49 U.S.C.A. § 305(a) ), together with the order granting a Certificate of Public Convenience and Necessity to the applicant, should be suspended, set aside and annulled.

Counsel for the plaintiff shall prepare a proposed judgment and serve copies of the same on counsel for the defendants and intervenor, and submit the original to the court.

---

3. It is clear that Congress intended that the Commission must consider states' interests when granting authority to motor carriers operating therein to the extent that feasibility and practicality would permit in overall interstate commerce regulation. Operations in not more than three states was deemed by Congress to be the extent of feasible and practical participation by the States.