MANLEY TRANSFER CO., INC., a corporation, and Capitol Truck Lines, Inc., a corporation, Plaintiffs,

v.

UNITED STATES of America and Interstate Commerce Commission, Defendants,

Wichita-Southeast Kansas Transit, Inc., Intervening Defendant.

Civ. A. No. KC–3515.

United States District Court, D. Kansas.

May 15, 1973.

Frank W. Taylor, Kansas City, Mo., and Howard A. Spies, Topeka, Kan., for plaintiff, Manley.

Glen Kelly, Asst. U. S. Atty., Kansas City, Kan., for United States.

Theodore C. Knappen, Washington, D. C., for I.C.C.

Robert E. Joyner, Memphis, Tenn., for intervenor-defendant Wichita-Southeast Kansas Transit, Inc.

Before HILL, Circuit Judge, and TEMPLAR and O'CONNOR, District Judges.

HILL, Circuit Judge.

Plaintiffs seek to annul and set aside the grant by the Interstate Commerce Commission of motor carrier authority to Wichita-Southeast Kansas Transit, Inc. (Wichita-Southeast) for transportation service to the public in southeastern Kansas. Jurisdiction is bottomed on 49 U.S.C. §§ 17 and 305(g), 28 U.S.C. §§ 1336, 1396, 2284 and 2321–2325, and 5 U.S.C. §§ 556, 557 and 701–706.

Plaintiffs are two trucklines which operate in the southeastern part of Kansas through the Kansas City gateway. When Wichita-Southeast filed an application in 1969 with the ICC to transport general commodities to parts of southeastern Kansas through the Wichita gateway, plaintiffs protested. Because the ICC felt no material issues of fact were in dispute, the application was handled under "modified procedure."[1] At the hearing Wichita-Southeast submitted 58 verified statements from witnesses evidencing shipper support for applicant's proposed service. The plaintiffs' only response to the testimony was submission of two verified statements from its own officers with accompanying exhibits.

Review Board 1, on August 27, 1970, denied Wichita-Southeast's application on the technical ground that no initial verified statement had been offered as required by Rule 50, 49 C.F.R. 1100.50. Wichita-Southeast thereafter presented its verified statement in its petition for reconsideration. The Commission reopened proceedings and found that an additional carrier was needed to serve southeastern Kansas through the Wichita gateway.

Plaintiffs petitioned for reconsideration; the petition was denied on grounds the Board's findings are in accordance with the evidence and applicable law. Plaintiffs then filed a petition for a finding of an issue of general transportation importance, but the Commission rejected this petition since "no issue of general transportation importance is involved." Finally, plaintiffs filed a Petition Requesting Oral Hearing and Waiver of Rule 101(e). Plaintiffs for the first time requested the case be referred to a joint board for an oral hearing. The Commission rejected this petition because the proceeding was administratively final and was not the proper subject of another petition.

Plaintiffs were not finished, however, and on April 4, 1972, they filed this action and sought a temporary restraining order in Kansas federal district court. The motion was denied, and they pursued the action to suspend, annul, enjoin and set aside the ICC's report and order. Two primary issues are presented for consideration. First, whether the Commission erred in failing to assign this proceeding to a joint board for initial decision as mandated by 49 U.S.C. § 305(a); second, whether the Commission's grant to Wichita-Southeast was

---

[1]. Under the modified procedure evidence is presented in written form and oral hearings are held only if necessary for cross-examination. 49 C.F.R. §§ 1100.45–1100.54.

based on adequate findings and supported by substantial evidence.

■ As we have stated on other occasions, we approach administrative cases with deference to the findings of the administrative agency. If the decision is based upon adequate findings supported by substantial evidence, and the agency has acted within the scope of its statutory authority, we must affirm. Land-Air Delivery, Inc. v. United States, 327 F. Supp. 808 (D.Kan.1971); Associated Wholesale Grocers, Inc. v. United States, 272 F.Supp. 274 (D.Kan.1967).

■ Plaintiffs first argue the Commission has not acted within its statutory authority and therefore the court is not bound by the above stated rule. It is their position the Commission erred in utilizing modified procedure when 49 U.S.C. § 305(a) compels the case to be argued before a joint board if less than three states are involved:

> The Commission *shall*, when operations of motor carriers or brokers conducted *or proposed to be conducted* involve not more than three States, . . . refer to a joint board for appropriate proceedings thereon, any of the following matters arising in the administration of this chapter with respect to such operations as to which a hearing is required or in the judgment of the Commission is desirable: Applications for certificates, permits or licenses, . . . (Emphasis added).

■ Assuming the Commission erred in not referring this case to a joint board, the plaintiffs still cannot prevail. Three months after the case became administratively final plaintiffs for the first time asserted the proceedings should have been before a joint board rather than a review board. The weight of judicial authority holds referral of cases to joint boards a procedural rather than jurisdictional matter. Failure to timely demand a joint board hearing therefore constitutes waiver of a party's right to such procedure. Twin City Freight, Inc. v. United States, 360 F.

Supp. 709 (D.Minn.1972); Howard Hall Co., Inc. v. United States, 332 F.Supp. 1076 (N.D.Ala.1971); Travel and Tour Service, Inc. v. United States, 302 F. Supp. 188 (E.D.Wis.1969).

■ Plaintiffs counter the above rule by alleging that in the initial proceedings they asked for an oral hearing. A general request for an oral hearing, however, is insufficient to warrant a joint board proceeding. As the court emphasized in Allied Van Lines Co. v. United States, 303 F.Supp. 742, 747 (C. D.Cal.1969); 49 C.F.R. § 1100.-247(d)(3) and (4) "requires that anyone seeking an oral hearing must specify with particularity the facts relied upon and give a specific explanation why the evidence to be presented cannot reasonably be submitted in the form of affidavits." Plaintiffs in their initial request for an oral hearing did not specify the material facts in dispute, or otherwise fully comply with this procedure. Their original protest contained one sentence relating to the oral hearing, and this sentence merely stated that a hearing was sought "since cross examination of the witnesses would be almost impossible through verified statements." As the original protest is devoid of any allegations of disputed material facts, we recognize the propriety of the Commission's refusal to grant an oral hearing. Howard Hall Co. v. United States, supra; Allied Van Lines Co. v. United States, supra.

■ Plaintiffs' argument that the Commission's grant of authority was neither based on adequate findings nor substantial evidence warrants little comment. Over fifty shippers from throughout the area covered by Wichita-Southeast's service proposal submitted verified statements supporting the application. These shippers not only specified a need for the service offered, but indicated that Wichita-Southeast could provide them with improved service which would fulfill their transportation needs. This need was buttressed by the Commission's finding that delays occurred in traffic destined to western

points through the Kansas City gateway. Plaintiffs' argument ultimately boils down to the weight of evidence presented by applicant. As our court has stated before, the weight of evidence is for the Commission rather than the courts. State Corporation Commission v. United States, 216 F.Supp. 376 (D.Kan.1963), aff'd per curiam, 375 U.S. 15, 84 S.Ct. 60, 11 L.Ed.2d 39.

We find the Commission's findings are based on substantial evidence and we perceive no error of law. The action seeking to set aside and enjoin enforcement of the Commission's order is therefore dismissed.