**PETROLEUM CARRIER CORPORATION OF FLORIDA, Plaintiff,**

v.

**UNITED STATES of America and Interstate Commerce Commission et al., Defendants.**

No. 73-302-Civ-J-S.

United States District Court, M. D. Florida, Jacksonville Division.

June 17, 1974.

Martin Sack, Jr., Jacksonville, Fla., for plaintiff.

Thomas E. Kauper, Asst. Atty. Gen., and John H. Wigger, Atty., U.S. Dept. of Justice, Washington, D. C., and John L. Briggs, U.S. Atty., Jacksonville, Fla., for U.S.

Fritz R. Kahn, Gen. Counsel, and Theodore C. Knappen, Atty., I.C.C., Washington, D. C., for I.C.C.

David C. Venable, Washington, D. C., and Dan R. Schwartz, Jacksonville, Fla., for Redwing Carriers, Inc.

Before SIMPSON, Circuit Judge, and SCOTT and TJOFLAT, District Judges.

## MEMORANDUM OPINION

CHARLES R. SCOTT, District Judge.

This is an action by Petroleum Carrier Corporation of Florida (PCC) against the United States of America and the Interstate Commerce Commission (hereinafter referred to as the Commission or the ICC) to set aside an order of the ICC. The case arises under the provisions of Section 205(g) of the Interstate Commerce Act, 49 U.S.C. § 305(g); 28 U.S.C. §§ 1336, 2284, 2321–2325; and Section 10 of the Administrative Procedure Act, 5 U.S.C. §§ 702, 704 and 706.

The ICC order which plaintiff seeks to have set aside grants a certificate of public convenience and necessity to Redwing Carriers, Inc. (Redwing), a competitor of plaintiff, permitting Redwing to transport petroleum products and petroleum byproducts in bulk, in tank vehicles, from points in Duval County, Florida, to points in Georgia.

Plaintiff does not attack the substantive finding of the Commission that public convenience and necessity require the new service by Redwing, but rather alleges that the Commission committed procedural error in processing the case under its modified procedure, instead of referring it to an oral hearing before a joint board.

After Redwing filed its application for permit of public convenience and necessity, three protests were filed by competing carriers, including one by PCC. Plaintiff's protest contained a generalized request for oral hearing. Nevertheless, the Commission set the case for hearing under modified procedure, 49 C.F.R. §§ 1100.45–54 (1973), whereby all evidence is submitted in the form of written verified statements with oral hearing granted only if the Commission finds "material facts in dispute". 49 C.F.R. § 1100.53.

PCC was dissatisfied with referral of the case to modified procedure and filed a motion to assign the case for oral hearing before a joint board. It was plaintiff's contention that the Commission erred in assigning the case to the modified procedure docket since not more than three states were involved and "material facts are in dispute." The Commission responded that plaintiff's request for oral hearing would be ruled upon after submission of all verified statements, but stated that "for the present the case will remain on the modified procedure docket" since the "application appears susceptible to handling without oral hearing, or if hearing is later deemed necessary, the issues might be substantially narrowed after the submission of verified statements."

After Redwing filed its own statement and the verified statements of 16 supporting shippers, plaintiff moved to strike certain of the shippers' statements and to grant a hearing before a

joint board. Again, plaintiff was informed that its motions would be ruled upon after all verified statements were filed.

PCC then filed its verified statement in opposition to Redwing's application and again requested a joint board hearing. After the filing of all verified statements the Commission issued its order of July 19, 1972. That order, the one plaintiff seeks to have this Court set aside, finds that no material factual disputes exist so referral to a joint board is unnecessary. The Commission therein found that,

> [T]here are no material facts in dispute here but rather conclusions to be drawn from the facts presented; that all issues of fact material to a finding of public convenience and necessity have been resolved by the pleadings; and there appears no need for oral hearing or referral to the joint board in order for us to reach a determination of the issue involved.

The order goes on to grant Redwing's application and to deny PCC's motions.

In its petition for reconsideration of the Commission decision, PCC again alleged that it was entitled to a hearing before a joint board since it had raised material issues of fact. After consideration of the petitions and reply, the Commission, acting as an appellate division, denied the petitions. Accordingly, Redwing was issued a certificate of public convenience and necessity and has been operating under that authority since May 21, 1973.

Many facts material to the Commission's determination whether or not to grant a permit of public convenience and necessity to Redwing were not disputed. For example, plaintiff's virtual monopoly over the Jacksonville-Georgia asphalt service was never challenged, nor was the existence of serious customer complaints about the inadequate service offered by plaintiff ever challenged. Furthermore, it is uncontroverted that substantial evidence of need for more service was presented by the shippers and receivers who filed statements.

Nevertheless, in order to determine whether or not material factual disputes exist, the Court has carefully examined the entire administrative record, including the individual allegations of shippers who claimed a need for additional service in petroleum product transportation from Jacksonville to points in Georgia. The Court also has considered the response of PCC to these allegations. On the basis of this examination it is clear that the verified statements of three shippers, Van Diviere, Trumbull and Schwartz, were in conflict with the verified statement of PCC, and, therefore, factual disputes clearly exist. Furthermore, the applicant, Redwing, recognized the existence of factual disputes when it stated in its rebuttal argument, filed with the ICC on February 14, 1972, that " . . . there are several disputed issues of fact evident from the record in this proceeding, . . . . "

█ In order for PCC to demonstrate that the ICC abused its discretion by failing to refer Redwing's application to a joint board, it must establish the following four points:

(1) Factual disputes exist. 49 C.F.R. § 1100.53.

(2) The factual disputes are material. Howard Hall Co. v. United States, 332 F.Supp. 1076 (N.D.Ala. 1971); Jones Truck Lines v. United States, 321 F.Supp. 821 (W.D.Ark. 1971); Land-Air Delivery, Inc. v. United States, 327 F.Supp. 808 (D. Kan.1971); Garrett Freight Lines, Inc. v. United States, 333 F.Supp. 1267 (D.Ida.1971); Manley Transfer, Inc. v. United States, 370 F. Supp. 1216, 1973 F.C.C. ¶ 82407 (D. Kan.1973); Ruan Transport Corp. v. United States, 361 F.Supp. 371 (S.D. Iowa 1973).

(3) A *specific* statement of the factual disputes was filed with the ICC. 49 C.F.R. § 1100.247(d)(3) and (4); 49 C.F.R. § 1100.53. Manley Transfer Co. v. United States, 370 F.

Supp. 1216, 1973 F.C.C. ¶ 82407 (D. Kan.1973); Allied Van Lines Co. v. United States, 303 F. Supp. 742 (C.D. Cal.1969).

(4) This specific statement of factual disputes was *timely* filed with the ICC. *Manley, supra; Ruan, supra; Howard Hall, supra.* Assuming the existence of material factual disputes in the data provided the ICC as support for and in opposition to Redwing's application for permit of public convenience and necessity, the Court must determine whether or not these disputes were *timely* raised by PCC, and whether or not they were stated with sufficient *specificity* to justify referral of the application to a joint board.

▮▮ In its initial protest of the application of Redwing Carriers, Inc., filed with the ICC on July 15, 1971, PCC requested an oral hearing. On September 30, 1971, PCC again moved for assignment of the case to a joint board. This motion was renewed on January 31, 1972, when PCC filed its verified statement with the ICC. This was certainly a timely request for oral hearing since it was the first time PCC could reasonably have been expected to know the contents of the verified statements of shippers supporting Redwing's application and the first opportunity PCC was afforded to respond thereto. Furthermore, a request for an oral hearing is automatically a request for referral to a joint board and, if the request is made when protestant files its verified statement, it is timely filed. Ruan Transport Corp. v. United States, 367 F.Supp. 371 (S.D. Iowa 1973). However, the fact that a timely request for assignment to a joint board has been filed with the ICC does not necessarily mean that the request *specifically* details material factual disputes so as to require referral to a joint board.

The Court must examine each document filed with the Commission by PCC to determine if it *specifically* alerted the ICC to the alleged factual disputes. If

any document did so and was timely filed, the Commission erred in refusing to refer the case to a joint board for oral hearing.

On five different occasions PCC filed papers with the ICC which, it might be contended, alerted the ICC to the alleged factual disputes: (1) PCC's initial protest filed with the ICC on July 16, 1971; (2) its motion for assignment to a joint board, filed with the ICC on September 30, 1971; (3) its motion to strike certain of the verified statements supporting Redwing, filed with the ICC on January 6, 1972; (4) its own verified statement, filed with the ICC on January 31, 1972; and (5) its motion for reconsideration of the Commission's order granting the permit to Redwing, filed with the ICC on September 17, 1973.

## I. PROTEST

In its protest PCC made the following general request:

4. Protestant requests an oral hearing, at which protestant will present one witness whose testimony will require approximately one hour for presentation. The evidence to be presented cannot reasonably be submitted in the form of affidavits for the reasons that it will be necessary to cross-examine applicant and the public witnesses appearing in support of the application concerning lack of adequate service from the standpoint of protestant's equipment, authority, time-in-transit, or other factors which might be alleged by Applicant, and to rebut through protestant's witness any such allegations.

This was followed by the certification statement required in 49 C.F.R. § 1100.-247(d)(4).

▮ Plaintiff cannot successfully contend that this brief request for oral hearing which was contained in its protest was so specific in raising material factual disputes as to require referral to a joint board for oral hearing. PCC alleged that it could not present its evi-

dence in the form of affidavits but offered no specific examples in support of its contention.

## II. MOTION FOR ASSIGNMENT

■ On September 30, 1971, PCC filed a motion for assignment to a joint board. This motion was worded in the most general conclusory terms and did not contain any statements which could be construed to be specific allegations of disputes of material fact. The motion stated:

> The operations proposed to be conducted by the applicant involve not more than 3 states, to-wit: Florida and Georgia, and as indicated in this protestant's written protest and in the written protests of other protestants, material facts are in dispute.

## III. MOTION TO STRIKE.

■ It cannot successfully be argued that the motion to strike alerted the ICC to the alleged factual disputes because PCC's attack was, at that time, based on alleged procedural defects in the statements rather than on any substantive factual conflicts. Although this motion was timely filed it did not point out any factual disputes with specificity or otherwise.

Accompanying the motion to strike was a motion to assign this application for hearing before a joint board. PCC moved for a joint board hearing,

> . . . upon the ground that the statements of support submitted by applicant are so vague and undetailed that this protestant cannot properly rebut said statements without an opportunity to cross-examine the supporting shipper witnesses.

In the motion PCC failed to show specific facts that were in dispute and specifically what material it would introduce at oral hearing that could not be brought out in its verified statement.

## IV. PCC'S VERIFIED STATEMENT

Since material factual disputes existed only as to the allegations of Van Diviere, Schwartz and Trumbull, the Court need only examine the record in relation to these shippers to determine if any disputes were timely and specifically presented to the Commission.

The verified statement of Charles Van Diviere on behalf of Van Diviere Oil Company was filed in the administrative record of the ICC on December 28, 1971. It alleges that Van Diviere Oil Company, which markets petroleum products, is dissatisfied with the delivery service of PCC, and cites an instance of one delivery being four days late in November 1971. In its response, filed with the ICC on January 31, 1972, PCC claims that Van Diviere is supplied by American Oil Company, to which PCC has permanently assigned four trucks. Any delays in delivery to Van Diviere, PCC alleges, are due to American Oil Company action, and not due to negligence on the part of PCC. Thus, it is arguable that a factual dispute exists as to Van Diviere. PCC admits delays in deliveries but claims they are the supplier's fault and not its own.

The verified statement of Melvin Kruger on behalf of L. E. Schwartz & Son, Inc., was filed in the administrative record of the ICC on December 21, 1971. Schwartz, a roofing contractor, alleges that PCC, which delivers all Schwartz' asphalt, is often late on deliveries and that PCC has difficulty unloading asphalt from its trucks due to faulty pumps. PCC responded in its verified statement, filed with the ICC on January 31, 1972, that delays in delivery are due to slowness of Trumbull Asphalt Company, which supplies the asphalt to PCC for delivery to Schwartz and that all carriers of this type of asphalt have difficulty unloading in cold weather. Thus, it is arguable that a factual dispute exists as to Schwartz. PCC admits delays in delivery but claims they are the supplier's fault, and admits difficulty in unloading asphalt but claims all carriers have the same problem because of the physical properties of asphalt, not because of faulty pumps.

In PCC's verified statement, filed with the ICC on January 31, 1972, it first presented to the Commission its version of the facts surrounding the allegations of Trumbull Asphalt Company, F. E. Seelbinder on behalf of Trumbull Asphalt Company, in a verified statement filed with the ICC on December 21, 1971, alleged that Trumbull, which processes and markets petroleum based asphalt, had been unable to obtain more than two pieces of equipment at a time from PCC even though it often needed more. PCC responded that sometimes three and sometimes four trucks were assigned exclusively to Trumbull, and at all times more than two trucks were so assigned. PCC further claimed it had never failed to furnish Trumbull all the equipment called for when called for. Thus, a direct conflict in the evidence exists as to Trumbull.

Whether or not PCC's verified statement alerted the Commission to the existence of factual disputes, there is no doubt that PCC failed to *specify* the content of the disputes. The PCC response to Trumbull's allegations was on page 13 of its 15 page verified statement and was not highlighted in any manner or made prominent from the responses to the other shippers' statements.

On page 14 of its verified statement, filed with the ICC on January 31, 1972, PCC filed a motion to assign for hearing which, in its entirety, read "PCC reasserts its previous motions filed herein to assign this application for hearing before a Joint Board." This motion did not specify any factual disputes. Therefore, if PCC is to successfully argue that it specified material factual disputes at this time, it must have been in the verified statement that it did so rather than in the motion.

While it may have been difficult if not impossible for PCC to specify the material factual disputes in its protest, plaintiff had no excuse for not being more specific in supporting the joint board request contained in its reply ver-

ified statement. At that point it had access to applicant's case in chief and could have supported its request with a specific delineation of the subject matter containing the material facts it considered to be in dispute, as required by 49 C.F.R. § 1100.53.

■ The Court has examined PCC's statements on pages 7, 12 and 13 of its verified statement to determine whether or not the responses there asserted were sufficiently clear, specific, prominent and sufficiently in compliance with 49 C.F.R. §§ 1100.53, 1100.247(d)(3) and (4) to alert the Commission to the existence of material factual disputes. The Court is satisfied that these statements are not sufficiently specific to have alerted the Commission to any factual disputes and did not, in fact, alert the Commission to any factual disputes.

## V. PETITION FOR RECONSIDERATION

On Page 21 of their joint brief, filed herein September 17, 1973, the United States and the ICC concede that plaintiff's petition for reconsideration, filed with the ICC on September 10, 1972, attempted to specify the issues of fact which it considered material and disputed. Defendants contend, and correctly so, that this filing was an untimely effort to specify the material issues of fact. If no earlier specification of factually disputed issues was filed with the Commission, plaintiff's cause must fail for lack of timely filing.

■ The Commission has the broadest possible discretion in ruling on petitions for reconsideration and reopening. ICC v. Jersey City, 322 U.S. 503, 64 S.Ct. 1129, 88 L.Ed. 1420 (1944); ICC v. United States, 271 F.Supp. 467 (M.D.N.C.1967); Watkins Motor Lines v. United States, 243 F.Supp. 436 (D. Neb.1955); Carolina Scenic Coach Lines v. United States, 59 F.Supp. 336 (W.D. N.C.1945). In view of the belated nature of plaintiff's effort to specify disputes over material facts the Commis-

sion certainly acted within its broad discretion in refusing to reopen this case.

Defendants contend, and properly so, that the requirement that the alleged material factual disputes be presented to the Commission with specificity and in a timely manner is clearly prescribed by statute, regulation and court decision. The rules which govern the modified procedure employed by the Commission in this case are set out in 49 C.F.R. § 1100.45–1100.54. Essentially they establish a procedure whereby all evidence is submitted in the form of written verified statements with oral hearing granted only if the Commission finds material facts in dispute. 49 C.F.R. § 1100.53 provides as follows:

§ 1100.53 Modified procedure; hearings. (Rule 53)

(a) Request for cross-examination or other hearing. If cross-examination of any witness is desired the name of the witness and the subject matter of the desired cross-examination shall, together with any other request for oral hearing, including the basis therefor, be stated at the end of defendant's statement or complainant's statement in reply as the case may be. Unless material facts are in dispute, oral hearing will not be held for the sole purpose of cross-examination.

By requiring the parties to detail the reasons why an oral hearing is required, the Commission may more expeditiously ascertain whether or not material issues of fact are in dispute; whereas, if a general assertion, such as that made in the instant case, were sufficient, the Commission would have to study the entire record, including all evidentiary statements, merely to make the threshold determination of whether sufficient disputed material issues of fact existed to warrant referral to an oral hearing.

▇▇▇ If disputed facts are shown and three states or less are involved in the application, the Commission must refer the case to a joint board for oral hearing.

(a) The Commission *shall,* when operations of motor carriers or brokers conducted or proposed to be conducted involve not more than three States, . . . refer to a joint board for appropriate proceedings thereon, any of the following matters arising in the administration of this chapter with respect to such operations as to which a hearing is required or in the judgment of the Commission is desirable: Applications for certificates, permits, or licenses; . . . . (emphasis added)

49 U.S.C. § 305(a). If, on the other hand, a party requesting oral hearing fails to demonstrate material facts are in dispute or fails to specify in a timely manner what those facts are, referral to a joint board is not required. 49 C.F.R. § 1100.247(d)(3) and (4); Manley Transfer Co. v. United States, 370 F. Supp. 1216 (D.Kan.1973); Ruan Transport Corp. v. United States, 361 F.Supp. 371 (S.D.Iowa 1973); Howard Hall Co. v. United States, 332 F.Supp. 1076 (N.D.Ala.1971); Allied Van Lines Co. v. United States, 303 F.Supp. 742 (C.D. Cal.1969).

The pertinent portions of 49 C.F.R. § 1100.247(d)(3) and (4) provide as follows:

(d) Protests and request for hearing.

(3) A protest against any application shall set forth specifically the grounds upon which it is made and contain a detailed statement of the protestant's interest in the proceeding, . . . shall request an oral hearing if one is desired, and shall specify with particularity the facts, matters, and things relied upon, but shall not include issues or allegations phrased generally. Protests phrased in general terms and not complying with these specifications may be rejected.

(4) Any request for an oral hearing shall be supported by a specific explanation as to why the evidence to be presented cannot reasonably be submitted in the form of affidavits, and shall set forth the number of wit-

nesses which would be presented by the protestant and an estimate of the hearing time required for such presentation.

The Court in the *Manley* case, *supra*, quoting from the *Allied Van Lines* case, *supra,* interprets these sections as follows:

A general request for an oral hearing, however, is insufficient to warrant a joint board proceeding. As the Court emphasized in Allied Van Lines Co. v. United States, 303 F.Supp. 742, 747 (C.D.Cal.1969), 49 C.F.R. § 1100.-247(d)(3) and (4) "requires that anyone seeking an oral hearing must specify with particularity the facts relied upon and give a specific explanation why the evidence to be presented cannot reasonably be submitted in the form of affidavits." Plaintiffs in their initial request for an oral hearing did not specify the material facts in dispute, or otherwise fully comply with this procedure. Their original protest contained one sentence relating to the oral hearing, and this sentence merely stated that a hearing was sought "since cross examination of the witnesses would be almost impossible through verified statements." As the original protest is devoid of any allegations of disputed material facts, we recognize the propriety of the Commission's refusal to grant an oral hearing. Howard Hall Co. v. United States, supra; Allied Van Lines Co. v. United States, supra.

Plaintiff cites the case of Garrett Freightlines, Inc. v. United States, 333 F.Supp. 1267 (D.Idaho 1971), as authority for the proposition that the mere filing of a protest to an application which places in issue the facts of (1) plaintiff's ability and fitness to transport traffic, and (2) the public necessity or need for the service proposed by the applicant, automatically creates material factual disputes requiring referral to a joint board for oral hearing. This position is clearly untenable in view of the three-judge court opinion in Boat Transit, Inc. v. United States, 1970 F.C.C. ¶

82215 (E.D.Mich.1970), aff'd 401 U.S. 928, 91 S.Ct. 934, 28 L.Ed.2d 210 (1971), and in view of the number of other similar cases which have upheld use of modified procedure where protests were filed but no material facts were found to be in dispute. Ruan Transport Corp. v. United States, *supra*; Manley Transfer Co. v. United States, *supra*; Howard Hall Co. v. United States, 332 F.Supp. 1076 (N.D. Ala.1971); Allied Van Lines Co. v. United States, 303 F.Supp. 742 (C.D.Cal. 1969); National Trailer Convoy, Inc. v. United States, 293 F.Supp. 634 (N.D. Okl.1968).

In *Boat Transit, supra*, the Supreme Court summarily affirmed a district court decision sustaining the use of modified procedure and the denial of an oral hearing in a contested case involving more than three states on the ground that there were no material issues of fact in dispute. Thus, it is clear that *Garrett, supra*, to the extent it decides that the mere filing of a protest creates a material issue of fact, is contrary to *Boat Transit* and plainly erroneous.

The three-judge court opinions in Jones Truck Lines, Inc. v. United States, 321 F.Supp. 821 (W.D.Ark.1971), and Land-Air Delivery, Inc. v. United States, 327 F.Supp. 808 (D.Kan.1971), support PCC's position only to the extent that they hold that, where material factual disputes exist and are timely brought to the Commission's attention with specificity, referral to a joint board for oral hearing is mandatory.

In Manley Transfer Co. v. United States, 370 F.Supp. 1216 (D.Kan.1973), and in Howard Hall Co. v. United States, 332 F.Supp. 1076 (N.D.Ala. 1971), the three-judge courts approved the use of modified procedure in protested application cases involving three states or less where no material issues of fact were in dispute. The courts held that since plaintiffs did not specify the material facts in dispute in their requests for oral hearing they had failed to comply with procedures required by

Commission rule and the Commission was correct to deny oral hearing.

In Ruan Transport Corp. v. United States, 361 F.Supp. 371 (S.D.Iowa 1973), the three-judge court approved the use of modified procedure in a protested application case involving three states or less. Ruan claimed material facts were in dispute and briefly described the evidence it felt could not adequately be presented without an oral hearing. The court found that the Commission was not obligated to accept Ruan's assertion that material factual disputes existed nor to accept the assertion that the disputes would affect the outcome of the application. Furthermore, Ruan's failure to detail the specific factual controversies alleged to exist was fatal to its request for joint board referral.

In Allied Van Lines v. United States, 303 F.Supp. 742 (C.D.Cal.1969), the three-judge court upheld the use of modified procedure in a case which contained factual disputes. The disputes, as in the instant case, were caused by conflicts between the verified statements filed by supporting shippers and the verified statement of the protestant. Nevertheless, the court found that protestant's failure to specify with particularity the facts relied upon or the evidence to be presented as required by 49 C.F.R. § 1100.247(d)(3) and (4) justified the Commission's action in handling the case by modified procedure. The court went on to imply that some issues of fact may exist but may not be so material as to require joint board referral.

[Plaintiffs] apparently could not, controvert the veracity of *most* of those affidavits but merely demanded the right to cross-examine every affiant without particularizing the alleged defects in each complaining affidavit.

. . . . . .

No material issues of fact were in dispute concerning the dissatisfaction of *a large number of witnesses* with the existing carriers, and thus the Commission properly denied an oral hearing. (emphasis added)

303 F.Supp. 742 at 749.

This approach to the question of whether or not alleged factual disputes are material to the application was also taken by the three-judge court in National Trailer Convoy, Inc. v. United States, 293 F.Supp. 634 (N.D.Okl.1968). In that case the court found that the alleged areas of factual conflict did not reveal any *material* differences on *critical facts*.

The Commission in the instant case at no time found the factual disputes to be immaterial, but neither did they ever acknowledge the existence of the disputes. The Commission contends that even if material facts are actually in dispute it is proper to handle the case by modified procedure if the existence and nature of the disputes is not brought to its attention in a timely and specific manner. Thus, the failure to properly specify the alleged factual disputes puts the case in the same posture as if no dispute existed.

Because of the failure of plaintiff here to specify any existing material issues of fact in dispute which it believed sufficient to warrant joint board referral, the Commission was justified in concluding that "there are no material facts in dispute here but rather conclusions to be drawn from the facts presented", and in resolving the case through the modified procedure.

Therefore, it is

Ordered:

1. The order of the Interstate Commerce Commission granting the application of Redwing Carriers, Inc. for a permit of public convenience and necessity and denying the motions of Petroleum Carrier Corporation of Florida, Order No. MC–111045 (Sub.-No. 82) (July 19, 1972), is upheld.

2. This action is dismissed, with prejudice, at the cost of the plaintiff.