**EASTERN OIL TRANSPORT, INC., Plaintiff,**

v.

**UNITED STATES of America and the Interstate Commerce Commission, Defendants,**

and

**Kenan Transport Company et al., Intervening-Defendants.**

**No. 74–5–CIV–7.**

United States District Court, E. D. North Carolina, Wilmington Division.

April 30, 1976.

---

Eugene C. Brooks, III, Durham, N. C., and Chester A. Zyblut, Washington, D. C., for plaintiff.

Thomas P. McNamara, U. S. Atty., Raleigh, N. C., for defendant United States of America.

Kenneth G. Caplan, Atty., Interstate Commerce Commission, Washington, D. C., for defendant Interstate Commerce Commission.

Thomas W. Steed, Jr., Allen, Steed & Pullen, Raleigh, N. C., Francis W. McInerny and Richard A. Mehley, MacDonald & McInerny, Washington, D. C., and James R. Ziperski, Milwaukee, Wis., for intervening defendants Kenan Transport Co., Laney Tank Lines, Inc., and Schwerman Trucking Co.

Alton Y. Lennon, Stevens, McGhee, Morgan & Lennon, Wilmington, N. C., and Frank B. Hand, Jr., Berryville, Va., for intervening defendant Infinger Transportation Co.

Before CRAVEN, Circuit Judge, BUTLER, Senior District Judge, and DUPREE, District Judge.

## MEMORANDUM DECISION

### PER CURIAM:

This is an action by Eastern Oil Transport, Inc. (hereinafter referred to as Eastern Oil) against the United States of America and the Interstate Commerce Commission (hereinafter referred to as the ICC or the Commission) to enjoin and set aside an order of the ICC denying Eastern Oil a certificate of public convenience and necessity to transport certain products in interstate commerce. Jurisdiction is invoked under 28 U.S.C. §§ 1336, 1398, 2284, 2321–2325; 49 U.S.C. §§ 17(9), 305(g), 305(h); and 5 U.S.C. §§ 702–706. A three-judge court was convened, pursuant to the provisions of 28 U.S.C. §§ 2284 and 2325, to hear and determine the proceedings herein.

On January 12, 1972, Eastern Oil filed an application with the ICC seeking a certificate of public convenience and necessity to transport asphalt, asphalt cutback, # 2 fuel oil, # 5 oil and # 6 oil, in bulk, from Wilmington, North Carolina, to points in ten counties in South Carolina, and asphalt products, in bulk, from Savannah, Georgia, to Wilmington, North Carolina. The application was supported by one shipper, American Oil Company (American Oil), and protested by four carriers [1] including intervening defendants, Infinger Transportation Company (Infinger), Schwerman Trucking Company (Schwerman), and Kenan Transport Company (Kenan).[2]

On April 17, 1972, the ICC entered an order directing that Eastern Oil's applica-

---

1. The fourth protesting carrier, Associated Petroleum Carriers, is not a party to this action.

2. The application was originally protested by Laney Tank Lines, Inc. whose acquisition by Kenan Transport Company was approved by the ICC in Docket No. MC–F–11574.

tion be handled under its "modified procedure", 49 C.F.R. §§ 1100.45–54, whereby all evidence is submitted in the form of written verified statements in lieu of an oral hearing before a Joint Board composed of representatives of each of the states involved in the proposed interstate operations of the applicant carrier. On May 15, 1972, intervening defendant Infinger filed a petition with the Commission specifically requesting that its order of April 17, 1972, be set aside and that the matter be referred to a Joint Board for oral hearing on the ground that conflicting evidence would be presented to the commission. Said motion was followed by a similar request by plaintiff Eastern Oil in the form of a letter, dated August 17, 1972, from plaintiff's counsel to Henry U. Snavely, Deputy Director, Section of Operating Rights, Interstate Commerce Commission. Neither party supported its request "by a specific explanation as to why the evidence to be presented [could not] reasonably be submitted in the form of affidavits . . . ." 49 C.F.R. § 1100.247(d)(4). Mr. Snavely advised plaintiff's counsel by letter, dated August 22, 1972, that plaintiff's request for an oral hearing would be considered and disposed of at the time the case is referred to a Review Board for consideration.

Eastern Oil filed its verified statements. Verified statements were then filed by protestants Infinger, Schwerman, and jointly by Kenan and Laney, to which plaintiff filed its rebuttal statement. The verified statement of Kenan and Laney included a request for oral hearing before a Joint Board only in the event Eastern Oil's application was not denied by the Commission. Review Board Number 1, in a Report and Order, dated February 23, 1973, denied Eastern Oil's application in its entirety and denied the various motions for Joint Board referral. The Review Board denied Eastern Oil's application because it found that the applicant had failed to meet its burden of proving that existing service is inadequate, and that a grant of authority to applicant would result in wasteful duplication of existing services and subject substantial traffic now transported by protestants to diversion by applicant.

Plaintiff filed a petition for reconsideration and request for oral hearing to which the protestants replied. By order, dated July 11, 1973, the Commission's Division 1, Acting as an Appellate Division, denied said petition. A subsequent petition by Eastern Oil seeking a determination that the proceeding involved issues of general transportation importance was denied by the Commission, in General Session, on August 20, 1973.

This action presents two issues for decision:

(1) Whether the Commission's assignment of plaintiff's application to the modified procedure docket rather than to a Joint Board for oral hearing was error; and (2) Whether the Commission's order denying plaintiff's application was based on adequate findings supported by substantial evidence in the record considered as a whole.

## USE OF THE MODIFIED PROCEDURE

Title 49 U.S.C. § 305(a) reads in pertinent part as follows:

> The Commission shall, when operations of motor carriers . . . proposed to be conducted involve not more than three States, and . . . may, in its discretion, when operations of motor carriers . . . proposed to be conducted involve more than three States, refer to a joint board for appropriate proceedings thereon, any of the following matters arising in the administration of this chapter with respect to such operations as to which a hearing is required or in the judgment of the Commission is desirable
> . . . .

Plaintiff contends that the above statute makes referral of an application by the ICC to a Joint Board mandatory whenever, as in the instant case, the contested application involves three states or less and material factual issues require resolution by the Commission.

■ Section 305 does not require that all contested applications involving less than

three states be submitted to a Joint Board. *Boat Transit, Inc. v. United States,* 1970 FCC ¶ 28215 (E.D.Mich.1970), *aff'd,* 401 U.S. 928, 91 S.Ct. 934, 28 L.Ed.2d 210 (1971). Nor does it require that a hearing be provided whenever a general request for an oral hearing is received. *Manley Transfer Company v. United States,* 370 F.Supp. 1216 (D.C.Kan.1973). Instead, a Joint Board, composed of a representative from each state involved, is to be convened when the application involves not more than three states and "a hearing is required or in the judgment of the Commission is desirable."

In 1966, because of the steadily-increasing volume of applications, the Commission abandoned its practice of allowing oral hearings in all contested applications and adopted a "modified procedure" in which evidence is submitted in the form of verified statements. *See* 49 C.F.R. § 1100.247 (Note), *General Policy Statement Concerning Motor Carrier Licensing Procedures* (May 3, 1966).

■ Congress has authorized administrative agencies in applications for initial licenses, when a party will not be prejudiced thereby, to adopt procedures for the submission of all or part of the evidence in written form. 5 U.S.C. § 556(d). The validity of the "modified procedure", as promulgated by the Commission in 49 C.F.R. §§ 1100.45–.54, is recognized by numerous courts. *Allied Van Lines v. United States,* 303 F.Supp. 742 (C.D.Cal.1969); *Howard Hall Co. v. United States,* 332 F.Supp. 1076 (N.D.Ala.1971); *Twin City Freight, Inc. v. United States,* 360 F.Supp. 709 (D.Minn. 1972); *Ruan Transport Corp. v. United States,* 361 F.Supp. 371 (S.D.Iowa 1973); *Petroleum Carrier Corp. of Florida v. United States,* 380 F.Supp. 744 (M.D.Fla.1974).

■ The assignment of an application to a Joint Board is not jurisdictional. It is a matter of procedure and, therefore, may be waived by the parties. *Twin City Freight, Inc. v. United States, supra; Ruan Transport Corp. v. United States, supra.*

Rule 53(a) of the Commission's Rules of Procedure, 49 C.F.R. § 1100.53(a), provides as follows:

Request for cross-examination or other hearing. If cross-examination of any witness is desired the name of the witness and the subject matter of the desired cross-examination shall, together with any other request for oral hearing, including the basis therefor, be stated at the end of defendant's statement or complainant's statement in reply as the case may be. Unless material facts are in dispute, oral hearing will not be held for the sole purpose of cross-examination.

Rule 247(d)(4), 49 C.F.R. § 1100.247(d)(4), provides:

Any request for an oral hearing shall be supported by a specific explanation as to why the evidence to be presented cannot reasonably be submitted in the form of affidavits. . . .

*Petroleum Carrier Corp. of Florida v. United States, supra,* holds that in order to demonstrate that the ICC abused its discretion in failing to refer an application to a Joint Board the carrier must establish that a factual dispute exists, that such dispute is material, that a specific statement of factual dispute was filed with the ICC, and that such statement was filed in a timely manner.

■ We do not reach the question of whether there were material facts in dispute in the instant case. It is clear from the record that Eastern Oil waived its objection to the Commission's assignment of its application under the "modified procedure" by failing to request an oral hearing at the appropriate time and in the prescribed manner under established Commission procedures. Plaintiff's letter of August 17, 1972, to the Commission constituted a general request for an oral hearing. It contained no specific statement of the facts in dispute. A general request for an oral hearing, however, is insufficient to warrant a Joint Board proceeding. *Manley Transfer Co. Inc. v. United States, supra.* Plaintiff waited until April 30, 1973, when its petition for reconsideration was filed, to renew its request for an oral hearing at which time an attempt was made to specify the

material facts in dispute. Unquestionably, the request for an oral hearing which accompanied Eastern Oil's petition for reconsideration, made after an adverse decision on its application in Review Board Number 1, was untimely. A fair reading of the Rules of the Commission and the appropriate case law leads us to the conclusion that the proper time for plaintiff to have requested an oral hearing was when it filed its rebuttal statement to the protesting carriers verified statements. Only then could plaintiff reasonably ascertain which facts were in dispute and specify them in a request for an oral hearing as required by Rule 247(d)(4), 49 C.F.R. § 1100.247(d)(4).

### REVIEW OF THE COMMISSION'S DECISION

■ We now turn to the substantive issue of this case—namely, whether the Commission's order denying plaintiff's application was based on adequate findings supported by substantial evidence in the record considered as a whole. Judicial review of decisions of the Interstate Commission is restricted in scope. *Mississippi Valley Barge Line Co. v. United States,* 292 U.S. 282, 54 S.Ct. 692, 78 L.Ed. 1260 (1934). We are not here to substitute our judgment for that of the Commission, but to inquire whether the ICC order was capricious or arbitrary, or contrary to statutory authority, or unsupported by substantial evidence. See *Bowman Transportation v. Arkansas-Best Freight System, Inc.,* 419 U.S. 281, 95 S.Ct. 438, 42 L.Ed.2d 447 (1974).

Section 207(a) of the Interstate Commerce Act, 49 U.S.C. § 307(a), confers authority upon the Commission to issue a certificate of public convenience and necessity to a motor carrier. The relevant part of the statute reads as follows:

. . . a certificate shall be issued to any qualified applicant therefor, authorizing the whole or any part of the operations covered by the application, if it is found that the applicant is fit, willing, and able properly to perform the service proposed and to conform to the provisions of this chapter and the requirements,

rules, and regulations of the Commission thereunder, and that the proposed service, to the extent to be authorized by the certificate, is or will be required by the present or future public convenience and necessity; otherwise such application shall be denied.

■ Plaintiff contends that the Commission's conclusions that plaintiff has not shown the inadequacy of existing service, and that shipper undoubtedly has a need for *some* service are contradictory. We do not agree. The Commission did not conclude that shipper had a need for *additional* service. Rather, it concluded that shipper had a need for *some* service and that such service was being adequately provided by the protesting carriers.

■ In reaching its decision, the Commission focused primarily on the adequacy of existing service, a basic factor in determining whether to grant certificates of public convenience and necessity. *Lemmon Transport Company v. United States,* 393 F.Supp. 838 (W.D.Va.1975). Its conclusion that the intervening protestants, Infinger, Schwerman and Kenan, were authorized and equipped to provide virtually all of the proposed services is adequately supported in the record before the Commission. Neither Eastern's evidence that Schwerman leased equipment from Eastern during 1971, nor disputed evidence regarding the sale of three of Schwerman's asphalt tanks to Eastern during the spring of 1972 refutes the Commission's finding that protestants had available in 1973 adequate equipment to provide the service proposed by Eastern. The Commission concluded:

"A grant of authority herein would result in wasteful duplication of existing services and subject substantial traffic now transported by protestants to diversion by applicant." Report of Review Board No. 1, p. 11.

■ The Commission also determined that Eastern failed to demonstrate that a public need existed which could not be met by existing transportation services. In requiring Eastern to prove that existing serv-

ice was inadequate, the Commission did not use an improper standard for determinations of public convenience and necessity. *V. Van Dyke Trucking, Inc. v. United States,* 291 F.Supp. 97 (W.D.Wash.1968); *Engel Van Lines, Inc. v. United States,* 374 F.Supp. 1217 (D.C.N.J.1974). Plaintiff's supporting shipper, American Oil Company, complained of "deplorable" services, late shipments, and documented seventeen specific instances of service failures by protestant Infinger, primarily involving a period from April through July 1972. The Commission decided, however, that this evidence did not demonstrate the inadequacy of existing service, particularly in view of Infinger's documented handling of 477 shipments for American Oil during the April through July period.

The Commission's ultimate conclusion that public convenience and necessity did not warrant the granting of Eastern Oil's application was based on adequate findings of fact supported by substantial evidence in the record considered as a whole. We find no error in the Commission's order denying plaintiff's application.

The relief sought will be denied and the complaint dismissed by entry of an appropriate judgment.