**WINGATE TRUCKING COMPANY, INC., Petitioner,**

v.

**INTERSTATE COMMERCE COMMISSION,**
**Respondent.**

No. 76–1127
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 23, 1976.

Thomas F. Panebianco, W. Guy McKenzie, Jr., Tallahassee, Fla., for petitioner.

Thomas E. Kauper, Asst. Atty. Gen., Lee Weintraub, Atty., Antitrust Div., Dept. of Justice, Washington, D. C., Arthur J. Cerra, Gen. Counsel, Christine N. Kohl, Interstate Commerce Comm., Washington, D. C., for respondent.

Robert E. Born, J. Michael May, Gary W. Sawyer, Atlanta, Ga., for Home Transp. Co.

Before BROWN, Chief Judge, GEWIN and MORGAN, Circuit Judges.

PER CURIAM:

Wingate Trucking Company petitions this court for review, pursuant to 28 U.S.C. §§ 2321 and 2342, of a decision and order of

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

the Interstate Commerce Commission denying petitioner's request for additional authority.

On October 30, 1974, Wingate filed an application with the ICC seeking a certificate of public convenience and necessity granting irregular route authority to transport by motor vehicle (1) baler presses and shears from Taylors, South Carolina to points in the continental United States and (2) component parts and materials used in the manufacture of the aforementioned articles from points in the continental United States to Taylors, South Carolina. The application sought an extension of authority currently held by petitioner Wingate. It subsequently amended its application to restrict the authority sought to the transportation of commodities that, because of their size and weight, require the use of special equipment or handling.

A hearing on the application was held before an Administrative Law Judge on June 3, 1975, at which two competing carriers appeared in opposition, and one shipper testified in support of the application. By an initial decision issued on June 24, 1975, the Administrative Law Judge concluded that the public convenience and necessity do not require the proposed service and recommended that the application be denied. He found, *inter alia,* that (1) there was no evidence that Wingate's lease arrangement with another carrier, pursuant to which petitioner currently transports a large percentage of the supporting shipper's freight, would be cancelled; (2) the protesting carriers under their combined authorities could handle the outbound traffic on a direct basis to a greater portion of the country than petitioner; and (3) until the supporting shipper had tried the services of the protestants and found them lacking in some material respect, the outbound authority requested by Wingate should not be granted. With respect to inbound authority, he found the evidence insufficient to demonstrate a need for this service. The Administrative Law Judge's recommended decision and order became the order of the Commission on August 15, 1975. Petitioner's untimely exceptions were treated by the Commission as a petition for reconsideration and denied.

Petitioner contends that the ICC's order should be vacated because it failed to accord proper weight to congressional policy regarding transportation and energy conservation, and on the ground that no rational basis existed for denying the authority sought. This court's scope of review is an extremely narrow one. It is well settled that "a court may not set aside the order of a fact-finding administrative body, acting within the field of its designated powers, unless such order is illegal, capricious or unsupported by the evidence." *Cooper Transfer Co. v. United States,* 281 F.Supp. 917, 918 (S.D.Ala.1968). As the Supreme Court recently instructed:

Under the "arbitrary and capricious" standard the scope of review is a narrow one. A reviewing court must "consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment. . . . The court is not empowered to substitute its judgment for that of the agency." [citation omitted] . . . While we may not supply a reasoned basis for the agency's action that the agency itself has not given, . . . we will uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned.

*Bowman Transportation, Inc. v. Arkansas-Best Freight Sys.,* 419 U.S. 281, 285–86, 95 S.Ct. 438, 442, 42 L.Ed.2d 447, 455–56 (1974).

Our consideration of the briefs and review of the record in this proceeding convinces us that the Commission's findings are amply supported by the evidence, that they are adequate to sustain its order, and that the agency acted both within the scope of its authority and without abuse of its discretion.

PETITION DENIED.