551 F.2d 1112
 B. J. McADAMS, INC., Petitioner,
v.
The INTERSTATE COMMERCE COMMISSION and the United States of
America, Respondents (two cases).
B. J. McADAMS, INC., Petitioner,
v.
The INTERSTATE COMMERCE COMMISSION and the United States of
America, Respondents,
and
Midwest Emery Freight System, Inc. and Hilt Truck Line,
Inc., Intervenor-Respondents.
 Nos. 76-1255, 76-1337, 76-1423.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Dec. 14, 1976.
Decided March 4, 1977.
Rehearing and Rehearing En Banc Denied April 28, 1977.
 
 Eugene D. Anderson (argued), Washington, D. C., and Michael G. Thompson, Smith, Williams, Friday, Eldredge & Clark, Little Rock, Ark., on brief for B. J. McAdams, Inc.
 Robert L. Thompson, I. C. C., Washington, D. C., argued; Donald I. Baker, Asst. Atty. Gen., Edward E. Lawson, Jr., Atty., Dept. of Justice, Washington, D. C., for United States, and Mark L. Evans, Gen. Counsel, Charles H. White, Jr., Associate Gen. Counsel, and R. Craig Lawrence and Mary C. Swann, Attys., I. C. C., Washington, D. C., on brief, for Interstate Commerce Commission.
 Richard A. Kerwin (argued), Burke, Kerwin & Towle, Chicago, Ill., on brief, for Midwest Emery Freight System, Inc. and Hilt Truck Line.
 Before STEPHENSON, WEBSTER and HENLEY, Circuit Judges.
 STEPHENSON, Circuit Judge.
 
 
 1
 B. J. McAdams, Inc. petitions for review of three final Interstate Commerce Commission orders denying its applications for certificates of public convenience and necessity for operating authority as a common carrier over irregular routes transporting candy, frozen foods and hardware supplies between various points in the United States. The Commission's denial of all three of McAdams' applications was premised on its finding that existing service was not materially inadequate and that the supporting shippers had not demonstrated adequately specific transportation needs.[1] We agree and affirm the Commission's denial of the certificates.
 
 
 2
 At the outset, we emphasize that our review extends to three separate applications for operating authority to transport candy (No. 76-1255), frozen foods (No. 76-1337), and hardware supplies (No. 76-1432), and three distinct ICC proceedings which resulted in the denial of each of the requested applications. Although the three cases have been consolidated, the administrative record in each case has received full and independent review.
 
 I.
 
 3
 A threshold issue for consideration is whether McAdams' petition for review of the "candy" proceedings (No. 76-1255) was filed within the 60-day limitation period. The Commission has filed a motion to dismiss alleging that this particular petition is barred by its late filing.
 
 
 4
 McAdams filed its application to transport candy and confectionary pursuant to 49 U.S.C. § 307, but the application was denied by the Commission's review board in an order, dated August 12, 1975, and served on petitioner August 15, 1975. McAdams filed a petition for reconsideration of the denial on September 19, 1975. The petition for reconsideration also was denied by the Commission, acting as an appellate division, by an order, dated December 22, 1975, and served on petitioner January 7, 1976. On January 15, 1976, McAdams filed a petition requesting three aspects of the case declared to be issues of general transportation importance (GTI). The Commission determined that no issue of general transportation importance was involved and denied the petition by an order dated January 29, 1976, and served on petitioner February 3, 1976.
 
 
 5
 McAdams filed its petition for review in this court on March 31, 1976. The Commission subsequently filed its motion to dismiss contending that the petition was barred by the 60-day limitation period prescribed by 28 U.S.C. § 2344 and that this court lacks jurisdiction.
 
 
 6
 Jurisdiction to review ICC orders must be invoked by a petition for review, and the petition must be filed in timely fashion. 28 U.S.C. § 2344 provides:
 
 
 7
 On the entry of a final order reviewable under this chapter, the agency shall promptly give notice thereof by service or publication in accordance with its rules. Any party aggrieved by the final order may, within 60 days after its entry, file a petition to review the order in the court of appeals wherein venue lies.
 
 
 8
 The time limitations for seeking judicial review are jurisdictional. Fed.R.App.P. 26(b); Microwave Communications, Inc. v. FCC, 169 U.S.App.D.C. 154, 515 F.2d 385, 388-89 (1974).
 
 
 9
 The Commission contends that petitioner's application became administratively final when the petition for reconsideration was denied. The Commission views the petition for review as untimely because it was filed 84 days after the date of service of the order denying reconsideration. Petitioner claims, however, that the 60-day period was triggered by the denial of the GTI petition, rather than the denial of the petition for reconsideration. Because the petition for judicial review was filed 57 days after the denial of the GTI petition, petitioner asserts it was timely filed.
 
 
 10
 When the Commission denies a petition for reconsideration, its decision is administratively final. 49 C.F.R. § 1100.101(a)(2). Accordingly, petitioner could have filed a petition for judicial review of that order within 60 days of its service. Nevertheless, 49 C.F.R. § 1100.101(a)(4) allows a party, within 15 days of the entry of a final order, to file a petition requesting the Commission to find that the proceeding was one involving an issue of general transportation importance. This is the only method by which a party may seek a rehearing before the entire Commission. 49 C.F.R. § 1100.101(a)(3). This method of review is discretionary, and it is not required to exhaust administrative remedies. Compare Chicago and North Western Ry. Co. v. United States, 311 F.Supp. 860, 863-67 (N.D.Ill.1970), with Transamerican Freight Lines, Inc. v. United States, 258 F.Supp. 910, 915 (D.Del.1966).
 
 
 11
 Even though the filing of a GTI petition is discretionary and not required to exhaust administrative remedies, definite policy reasons reflect that judicial review should be postponed until a pending GTI petition has been ruled upon. See Samuel B. Franklin & Co. v. SEC, 290 F.2d 719, 723-25 (9th Cir.), cert. denied, 368 U.S. 889, 82 S.Ct. 142, 7 L.Ed.2d 88 (1961); Outland v. Civil Aeronautics Board, 109 U.S.App.D.C. 90, 284 F.2d 224, 226-28 (1960). Otherwise, parties would be required to file pro forma protective petitions for judicial review while GTI petitions are still pending. The court and the agency would then possess simultaneous jurisdiction, creating the attendant possibility that agency action on the GTI petition might render judicial review completely unnecessary. Moreover, denial of judicial review in the instant case would attribute prejudicial delay to the petitioner's effort in seeking discretionary agency review.[2] It is in the interest of judicial economy and agency responsibility to allow the Commission to reconsider its orders through a GTI proceeding, rather than to compel an applicant to invoke immediate judicial review.
 
 
 12
 For these reasons, we hold that the time period for filing the petition for review began to run on the date McAdams received notice of the order denying its petition for GTI consideration. McAdams filed its petition within the required 60-day period and thereby invoked judicial jurisdiction. The Commission's motion to dismiss is denied.[3]
 
 II.
 
 13
 We turn next to review the merits of the Commission's final orders. In an effort to demonstrate that its applications were denied in an arbitrary and capricious manner, McAdams contends that the Commission's orders in each of the three cases were not based upon substantial evidence and were not reached with requisite consideration of the proper guidelines.
 
 
 14
 In the "candy" proceedings (No. 76-1255) the Commission found that the evidence failed to establish a need for the proposed service which the existing carriers could not provide. The record indicates that M & M/Mars, the supporting shipper, believed its needs warranted authorization of additional service and complained about service failures by the existing carriers. The Commission found, however, that Mars had failed to articulate material, adverse effects on its business resulting from the existing service and that Mars had not fully utilized the service of existing carriers.[4]
 
 
 15
 In the "frozen foods" proceedings (No. 76-1337) the Commission determined that petitioner had proven a public need for its proposed service from Mississippi to Oregon, Washington, Idaho and Utah and granted authority for the requested service to those states. With respect to the states of Arizona, New Mexico and California, however, the Commission found that McAdams had failed to demonstrate a need which existing carriers were unable or unwilling to meet adequately. The Commission emphasized that an existing carrier has served the sole supporting shipper in the past without complaint and that the authorized carrier has continually solicited the shipper's business and stands "ready and willing and has the capacity to handle any traffic tendered it by the shipper."
 
 
 16
 Finally, in the "hardware" proceedings (No. 76-1423), the Commission found that McAdams had failed to submit sufficient evidence describing concrete instances of unsatisfactory service by existing carriers or showing authorized carriers could not meet the shipper's reasonable transportation requirements. The Commission explained that shippers supporting an application for the transportation of property must identify the commodities they ship or receive; the points to or from which their traffic moves; the volume of freight they would tender to the applicant; the transportation services now used for moving traffic; and any deficiencies in existing services.[5] After reviewing the evidence, the Commission concluded that McAdams and the supporting shipper had failed to introduce specific evidence satisfying these guidelines and therefore had not proven a prima facie case.
 
 
 17
 In a series of recent decisions, this court has recognized the narrow scope of judicial review of Interstate Commerce Commission orders. See Midwest Coast Transport, Inc. v. ICC, 536 F.2d 256, 259 (8th Cir. 1976); Hilt Truck Line, Inc. v. United States, 532 F.2d 1199, 1201 (8th Cir. 1976); Warren Transport, Inc. v. United States, 525 F.2d 148, 149-50 (8th Cir. 1975). The court has cautioned:
 
 
 18
 In this circuit a petition for review of a Commission's order will be denied on a summary basis when the order is based on the evidence and supported by a rational judgment of the Commission.
 
 
 19
 Midwest Coast Transport, Inc. v. ICC, supra, 536 F.2d at 259, quoting from Warren Transport, Inc. v. United States, supra, 525 F.2d at 151.
 
 
 20
 The guidelines governing an application for a certificate of public convenience and necessity are identified in Pan-American Bus Lines Operation, 1 M.C.C. 190, 203 (1936):
 
 
 21
 The question, in substance, is whether the new operation or service will serve a useful public purpose, responsive to a public demand or need; whether this purpose can and will be served as well by existing lines or carriers; and whether it can be served by applicant with the new operation or service proposed without endangering or impairing the operations of existing carriers contrary to the public interest.
 
 
 22
 An applicant for a common carrier certificate bears the burden of proving that its proposed service is or will be required by the public convenience or necessity. See, e. g., Tri-State Motor Transit Co. v. United States, 369 F.Supp. 1242, 1244 (W.D.Mo.1973).
 
 
 23
 The Commission's orders in all three of the cases before us appropriately are founded upon the rationale that a grant of authority would be a wasteful duplication of service when existing authorized carriers appear capable of providing the proposed service. See Wingate Trucking Co. v. ICC, 535 F.2d 909, 910 (5th Cir. 1976); Warren Transport, Inc. v. United States, supra, 525 F.2d at 149-51; Eastern Oil Transport, Inc. v. United States, 413 F.Supp. 121, 126 (E.D.N.C.1976). We have thoroughly reviewed the record in light of the established guidelines and have concluded that the Commission's findings are supported by substantial evidence and that the Commission's rulings were not arbitrary, capricious, an abuse of discretion or otherwise unlawful. Accordingly, the Commission's orders are affirmed.
 
 
 24
 The petitions for review are denied.
 
 
 
 [1]
 In each case the ICC directed that the applications should be reviewed under its modified procedure, 49 C.F.R. § 1100.45 et seq., which requires the matter to be considered on the verified statements of the parties rather than by oral hearing
 
 
 [2]
 Cf. Provisioners Frozen Express, Inc. v. ICC, 536 F.2d 1303 (9th Cir. 1976). The court in Provisioners held that a petition for review was untimely when it was filed more than 60 days after the denial of a petition for reconsideration but within 60 days from the denial of a successive petition to reopen the proceedings. Postponement of judicial review because of consecutive applications to reopen for further hearing would raise the specter of potential delay. A GTI petition, unlike successive petitions to reopen, is specifically allowed by the ICC rules, 49 C.F.R. § 1100.101(a)(4), and must be filed within 15 days of service of a final order. Cf. 49 C.F.R. § 1100.102. The decision on the GTI petition may not be further reviewed by the Commission
 
 
 [3]
 We have also denied the Commission's motion for summary dismissal of the petition for review filed in the "hardware" proceedings (No. 76-1423). The petition in this case was received by the court within the 60-day period prescribed by 28 U.S.C. § 2344. Petitioner neglected, however, to enclose the required docketing fee, and the case was not docketed until after expiration of the 60-day period, when the docketing fee was paid. The Commission's contention, that the filing of the petition for review was ineffective in view of the delinquent payment of the fee, is unpersuasive. The rules governing review of agency orders are similar to the general appellate rules. In appeals from district court determinations, the failure to enclose the docketing fee does not render ineffective the date on which the notice of appeal is filed. See Fed.R.App.P. 3(a); 9 Moore's Federal Practice P 212.02. A contrary result would introduce pointless and unfavorable rigidity into the means for obtaining judicial review. Cf. Parissi v. Telechron, Inc., 349 U.S. 46, 75 S.Ct. 577, 99 L.Ed. 867 (1955); Powers v. Citizens Union National Bank and Trust Co., 329 F.2d 507 (6th Cir. 1964)
 
 
 [4]
 The existing carriers were granted applications for certificates of public convenience and necessity ten months before the filing of the McAdams application. Petitioner contends that the Commission's isolation of its application from the earlier applications was violative of the principle expressed in Ashbacker Radio Corp. v. FCC, 326 U.S. 327, 66 S.Ct. 148, 90 L.Ed. 108 (1946). The Supreme Court in Ashbacker held that pending, mutually exclusive applications under the Federal Communications Act, 47 U.S.C. § 151 et seq., must be considered on a consolidated basis. The Ashbacker doctrine, assuming without deciding its general applicability to ICC proceedings, does not control the instant case because the McAdams application and the grant of the eight preceding applications relate to separate and not mutually exclusive proceedings. See Great Western Packers Express v. United States, 263 F.Supp. 347, 350-51 (D.Colo.1967)
 
 
 [5]
 See Novak Contract Carrier Application, 103 M.C.C. 555, 557 (1967)