**SELCO SUPPLY COMPANY, Petitioner,**

v.

**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, Respondent.**

**No. 79–1443.**

United States Court of Appeals, Tenth Circuit.

Argued Sept. 18, 1980.

Decided Oct. 20, 1980.

**864**

John P. Donley, Greeley, Colo., for petitioner.

F. Patrick Barry, Tucson, Ariz. (James W. Moorman, Asst. Atty. Gen., Angus Macbeth, Deputy Asst. Atty. Gen., Donald W. Stever, Jr. and Nancy Long, Attys., Dept. of Justice and John C. Ulfelder, Environmental Protection Agency, Washington, D. C. and Ruthanne Miller, with him on briefs), for respondent.

Before SETH, BREITENSTEIN and SEYMOUR, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Petitioner, Selco Supply Company, seeks review of orders of the Environmental Protection Agency, EPA. We dismiss because the petition was not filed within the time provided by the statute and, hence, the court of appeals is without jurisdiction.

The case arises under the Federal Insecticide, Fungicide and Rodenticide Act, FIFRA, 7 U.S.C. § 136 et seq., which regulates the sale, transportation, and use of pesticides. The Act requires registration of pesticides with the EPA. In November, 1974 EPA, gave notice of intent to cancel registrations of pesticides containing heptachlor and chlordane. Selco responded to a suspension notice. In December, 1975, EPA suspended some, but not all, use of products containing heptachlor and chlordane, and a month later clarified that order. In 1977 EPA began administrative enforcement proceedings against Selco by filing a complaint charging violations of the suspension order. On September 8, 1978, an Administrative Law Judge, ALJ, rejected the Selco claim that it had not received notice of the suspension order, found that Selco had violated that order, and assessed a $15,000 penalty against it. Selco did not appeal the decision of the ALJ but filed a motion to reopen on the ground that the suspension order was not served on Selco but on a law firm that was not authorized to represent it. On March 19, 1979, the EPA Regional Administrator denied the Selco motion to reopen and assessed a $15,000 civil penalty against Selco. On April 4, 1979, Selco filed a motion for reconsideration of the March 19 order and on May 24, 1979, filed the pending petition seeking review of both the September 8, 1978, and March 19, 1979 EPA orders. EPA denied the motion to reconsider on July 9, 1979. Selco did not petition for review of the July 9 order.

FIFRA provides, 7 U.S.C. § 136n(b) that "  *   *   * any person   *   *   * may obtain judicial review of [an EPA order] by filing in the United States Court of Appeals *   *   * within 60 days after the entry of such order, a petition praying that the order be set aside in whole or in part."

■ The grant of exclusive jurisdiction in the court of appeals is intended to insure prompt resolution of the validity of EPA orders. See *Environmental Defense Fund, Inc. v. Environmental Protection Agency,* D.C.Cir., 485 F.2d 780, 783. The time limits for judicial review of actions taken under environmental protection statutes provide a statute of limitations which bars late filings. See *Sun Enterprises, Ltd. v. Train,* 2 Cir., 532 F.2d 280, 290–291 (Clean Water Act) and *Oljato Chapter of Navajo Tribe v. Train,* D.C.Cir., 515 F.2d 654, 661 (Clean Air Act).

Selco's May 24, 1979, petition sought review of the EPA September 8, 1978, order which had been entered over 250 days before and of the March 19, 1979 order which had been entered 66 days before. As to the last order Selco says that the time should run from the date of service of the order on it.

Selco points out that EPA regulation, 40 C.F.R. § 168.70(c), permits a petition for reconsideration to be filed within 10 days after the date of service of the final order and that under Id. § 168.60(c)(1) judicial review of an order assessing a civil penalty must be sought within 60 days after service of the order on the respondent. The difficulty is that the statute, 7 U.S.C. § 136n(b) requires that a petition for judicial review be filed within 60 days after the entry of the order, and contains no provision for tolling by a motion for reconsideration. Federal courts may exercise only that judicial power provided by the Constitution and conferred by Congress. See *Powell v. McCormack,* 395 U.S. 486, 512–513, 89 S.Ct. 1944, 1959, 23 L.Ed.2d 491, and *Baker v. Carr,* 369 U.S. 186, 198–199, 82 S.Ct. 691, 699–700, 7 L.Ed.2d 663. For a regulation to be valid it must be consistent with the statute under which it is promulgated.

*United States v. Larionoff,* 431 U.S. 864, 873, 97 S.Ct. 2150, 2156, 53 L.Ed.2d 48.

■ We are convinced that the statute applies and precludes review when the petition is not filed within the prescribed 60 day period from the entry of the order. Decisions under other federal statutes permitting tolling of the limitation period are not pertinent. See e. g. *B. J. McAdams, Inc. v. Interstate Commerce Commission,* 8 Cir., 551 F.2d 1112, 1115 (Interstate Commerce Act) and *Samuel B. Franklin & Co. v. Securities and Exchange Commission,* 9 Cir., 290 F.2d 719, 725 (Securities and Exchange Act). Resolution of EPA orders under FIFRA, like orders under other environmental protection statutes, should be made promptly.

■■ Even if tolling is permitted, the court of appeals is without jurisdiction because then the final order would be the July 9 order denying the motion for reconsideration and Selco has presented no petition for the review of that order. The May 24 petition for review was premature. We have held that a premature notice of appeal is insufficient to sustain jurisdiction of the court of appeals when no notice of appeal has been filed for review of a final judgment of a federal district court. *Century Laminating, Ltd. v. Montgomery,* 10 Cir., 595 F.2d 563, 568–569. The same principle applies to review of action of an administrative agency. The present action is barred by the failure to comply with the jurisdictional requirements.

Petition dismissed.

SEYMOUR, Circuit Judge, concurring:

I agree this action is barred by Selco's failure to comply with jurisdictional requirements. However, I take issue with the majority's conclusion that a petition for reconsideration does not alter the time for filing an appeal.

The majority's interpretation rests upon the requirement in 7 U.S.C. § 136n(b) that a notice of appeal be filed within sixty days after entry of the EPA's final order. The holding emphasizes that an EPA regulation

rather than the language of the statute itself provides for a reconsideration petition.[1] These considerations are not controlling. In *Outland v. CAB*, 284 F.2d 224 (D.C.Cir.1960), the issue was whether a petition for rehearing before the Civil Aeronautics Board changed the time from which judicial review must be sought. The statute there, 49 U.S.C. § 1486(a), contained a sixty–day limitations period and had no provision regarding motions for reconsideration. The court held that "when a motion for rehearing is made, the time for filing a petition for judicial review does not begin to run until the motion for rehearing is acted upon by the Board." *Id.* at 228. The Supreme Court cited this very language in *American Farm Lines v. Black Ball Freight Service*, 397 U.S. 532, 541, 90 S.Ct. 1288, 1293, 25 L.Ed.2d 547 (1970), where it held that an order by the ICC was not so final as to bar the Commission's later reopening of the record. *See also CAB v. Delta Air Lines*, 367 U.S. 316, 326, 81 S.Ct. 1611, 1619, 6 L.Ed.2d 869 (1961).

Significant policy reasons dictate that judicial review not precede an administrative agency's resolution of a motion to reconsider its decision:

"[W]hen the party elects to seek a rehearing there is always a possibility that the order complained of will be modified in a way which renders judicial review unnecessary. Practical considerations, therefore, dictate that when a petition for rehearing is filed, review may properly be deferred until this has been acted upon. The contrary result ... has caused parties to file so called 'protective' petitions for judicial review while petitions for rehearing before the Board were pending. A whole train of unnecessary consequences flowed from this: the Board and other parties may be called upon to respond and oppose the motion for review; when the Board acts, the petition for judicial review must be amended to bring the petition up to date."

*Outland v. CAB*, 284 F.2d at 227–28. "It is in the interest of judicial economy and agency responsibility to allow [a] Commission to reconsider its orders ..., rather than to compel an applicant to invoke immediate judicial review." *B. J. McAdams, Inc. v. ICC*, 551 F.2d 1112, 1115 (8th Cir. 1977).

In those instances where a statute or a regulation provides for agency reconsideration, courts have held that a motion for reconsideration delays the time for seeking judicial review until the agency has acted upon the motion. *See ECEE, Inc. v. FERC*, 611 F.2d 554, 557 (5th Cir. 1980); *Pennsylvania v. ICC*, 590 F.2d 1187, 1193 (D.C.Cir. 1978); *Tiger International, Inc. v. CAB*, 554 F.2d 926, 931 n. 10 (9th Cir. 1977); *Montship Lines, Ltd. v. Federal Maritime Board*, 295 F.2d 147 (D.C.Cir.1961); *Samuel B. Franklin & Co. v. SEC*, 290 F.2d 719, 725 (9th Cir. 1961). *See also New York v. United States*, 568 F.2d 887, 892–93 (2d Cir. 1977); *B. J. McAdams, Inc. v. ICC*, 551 F.2d at 1114–15. *Cf. Laminators Safety Glass Association v. Consumer Product Safety Commission*, 578 F.2d 406, 410–11 (D.C.Cir.1978) (recognizing general rule but holding petition for reconsideration does not delay time for appeal where neither statute nor regulation provides for reconsideration).

Prompt resolution of environmental orders is an important goal. It is not self–evident, however, that there is a lesser need for a quick determination of issues before the Federal Energy Regulatory Commission, the Interstate Commerce Commission, the Civil Aeronautics Board, the Federal Maritime Commission, and the Securities and Exchange Commission. The previously cited cases demonstrate that motions for reconsideration submitted to those agencies have been held to delay the running of the time for judicial appeal until the motion has been decided. In light of the strong policies and precedent favoring such delay, I think it unadvisable for this court to create a contrary rule for EPA orders decided under FIFRA.

The majority correctly states that if Selco's petition for reconsideration delayed the

---

1. The Administrator of the EPA clearly possessed the authority to pass such regulation.

*See* 7 U.S.C. § 136w(a)(1).

start of the sixty–day filing period, its notice of appeal was premature. It is for this reason, rather than the lateness in filing, that I would hold the present action untimely filed.