**C.O.D.E., INC., Petitioner,**

**v.**

**INTERSTATE COMMERCE COMMIS-
SION and United States of
America, Respondents.**

**No. 82-1607.**

United States Court of Appeals,
Tenth Circuit.

July 29, 1985.

Marshall D. Becker of Stern & Becker, Omaha, Neb., for petitioner.

William F. Baxter, Asst. Atty. Gen., Robert B. Nicholson and Nancy C. Garrison, Attys., Dept. of Justice, John Broadley, Gen. Counsel, I.C.C., Lawrence H. Richmond, Deputy Associate Gen. Counsel, I.C.C., and Sidney L. Strickland, Jr., and Kathleen V. Gunning, Attys., I.C.C., Washington, D.C., for respondents.

Before McKAY and SETH, Circuit Judges, and RUSSELL, District Judge*.

* Honorable David L. Russell, United States District Judge for the Northern, Eastern and Western Districts of Oklahoma, sitting by designation.

DAVID L. RUSSELL, District Judge.

Petitioner seeks review of an Interstate Commerce Commission decision allowing Southern Refrigerated Transportation Company, Inc. [SRTC]:

To operate as a common carrier, by motor vehicle, in interstate or foreign commerce, over irregular routes, transporting food and related products, between points in Denver County, CO., Peoria and Warren Counties, Il., Cass County, IN., Cherokee, Linn, Page, Polk, and Woodbury County, IA., Wyandotte County, KS., Jefferson County, KY., Prince Georges County, MD., Freeborn, and Hennepin Counties, MN., Saline County, MO., Douglas County, NE., and Oklahoma County, OK., on the one hand, and, on the other, points in the United States.

The application of SRTC was supported by Wilson Food Corporation, which shipped meat products from each of the above points to various locations throughout the United States at the time the application was filed.

Commission Review Board No. 2, which rendered the initial decision, found the evidence supported a need for the proposed service, and that SRTC was capable of performing the service. The Board concluded that C.O.D.E. and other protestants failed to show the amount of potential traffic diversion they would suffer and, therefore, the Review Board could not assess the effect that granting SRTC's application would have on protestants' ability to serve the public. The Review Board concluded that protestants failed to demonstrate that grant of the application would be inconsistent with public convenience and necessity.

Prior to review by Division 1 of the Commission, Wilson Food Corporation closed its operations in Denver, Colorado. The plant used by Wilson was subsequently rented to the Colorado Lamb Company. Division 1 accepted an affidavit to that effect from C.O.D.E.'s president, but denied the appeal. Division 1 concluded that (1) even though the supporting shipper no longer operated from Denver, the need was likely to continue as the facilities were being operated by another meat products shipper, and (2) that protestants failed to show that a complete grant would have a material adverse effect on their operations or would be inconsistent with public convenience and necessity. C.O.D.E. then appealed to the full commission, which denied the appeal.

As an initial matter, this Court requested the parties to address whether this appeal has been timely filed. The decision of Division 1 concluded C.O.D.E.'s appeal of right under 49 U.S.C. § 10322(e)(1) and (f)(1) and 49 C.F.R. 1100.98(b)(1), and, therefore, was ripe for judicial review. However, protestants filed a discretionary appeal to the full commission under 49 U.S.C. § 10322(g)(2) and 49 C.F.R. 1100.98(c)(1).

An aggrieved party has 60 days from the entry of a final reviewable agency order in which to seek judicial review. 28 U.S.C. § 2344. There is no dispute that this appeal is untimely if C.O.D.E. should have filed it following the decision by Division 1. However, this appeal was filed within 60 days of the conclusion of the discretionary appeal to the full commission.

[1] The parties urge the court to adopt the position of the Court of Appeals for the Eighth Circuit as stated in *B.J. McAdams, Inc. v. Interstate Commerce Commission*, 551 F.2d 1112 (8th Cir.1977). The petitioner in *B.J. McAdams*, also filed a discretionary appeal to obtain review by the full commission. It did so by seeking to have portions of the case declared issues of general transportation importance [GTI]. The petition for review by the court of appeals was filed at the conclusion of the discretionary appeal. The court held the appeal was timely filed and stated:

[J]udicial review should be postponed until a pending GTI petition has been ruled upon. Otherwise, parties would be required to file pro forma protective petitions for judicial review while GTI petitions are still pending. The court and the agency would then possess simultaneous jurisdiction, creating the attendant possibility that agency action on the GTI petition might render judicial review completely unnecessary. Moreover, denial of judicial review in the instant case would attribute prejudicial delay to the

petitioner's effort in seeking discretionary agency review. It is in the interest of judicial economy and agency responsibility to allow the Commission to reconsider its orders through a GTI proceeding, rather than to compel an applicant to invoke immediate judicial review.

*Id.* at 1115 (citations omitted).

We declined to apply such reasoning in *Selco Supply Co. v. U.S. Environ. Protection Agency,* 632 F.2d 863, 865 (10th Cir. 1980). *Selco* was a case arising under the Federal Insecticide, Fungicide and Rodenticide Act [FIFRA]. The FIFRA has a separate statute of limitations, 7 U.S.C. § 136n(b), and we determined that "decisions under other federal statutes permitting tolling of the limitation period [were] not pertinent." *Id.* at 865. We also stated that "[r]esolution of EPA orders under FIFRA, like orders under other environmental protection statutes, should be made promptly." *Id.*

As the policy considerations differ significantly between tolling a limitations statute of the ICC as compared to the EPA, we find it appropriate to apply the rationale in *B.J. McAdams* to the case at bar. Accordingly, we find the court has jurisdiction to entertain this review proceeding.

The petitioner contends that (1) the applicant failed to carry its burden of establishing the proposed service would serve a useful public purpose responsive to a public need, (2) the closing of the Wilson plant in Denver forecloses a need for service from that area, and (3) the commission acted arbitrarily in not limiting the grant solely to transportation of Wilson products.

It is well known that the commission's authority in these matters is broad, and our scope of review narrow. *Bowman Transportation, Inc. v. Arkansas-Best Freight System, Inc.,* 419 U.S. 281, 95 S.Ct. 438, 42 L.Ed.2d 447 (1974). In *Midwestern Transportation, Inc. v. ICC,* 635 F.2d 771 (10th Cir.1980) we noted "[t]he ICC's interpretations of its regulations and the facts supporting a grant or denial of a certificate require recognition of its expertise and our deference thereto." *Id.* at 774 (citing *Koppel, Inc. v. United States,* 612 F.2d 1264

(10th Cir.1979)). *See also Curtis, Inc. v. ICC,* 669 F.2d 648, 651 (10th Cir.1982). The thrust of petitioner's argument is that Wilson's testimony regarding the need for additional refrigerated carriers to ship out of Denver should have been disregarded by Division 1 because Wilson had closed its Denver plant. It is evident that on review of the initial decision, Division 1 did not discredit Wilson's testimony because the Wilson plant had been re-opened by another meat products shipper. We find that continued consideration of the Wilson testimony by Division 1 and the full Commission, was not error under these facts. Further, under the new entry standards, 49 U.S.C. § 10922, *cf. Kenosha Auto Transport Corp. v. United States,* 684 F.2d 1020 (D.C.Cir.1982) (examining liberalized entry standards under the Motor Carrier Act of 1980, which became effective July 1, 1980), we cannot say that SRTC failed to carry its burden of establishing that the proposed service would serve a useful public purpose in response to a public need.

Accordingly, upon a review of the record, we are persuaded that there is substantial evidence to support the commission's decision in all respects, and that such decision was neither arbitrary nor capricious.

Therefore, the petition for review is denied.